J. F. WEATHERS, for the use and Benefit of the Ocean Accident and Guarantee Corporation, LTd., a foreign corporation authorized to do business in the State of Florida, and N. W. CARTER, v. IRWIN CAUTHEN.

12 So. (2nd) 294
February 23, 1943
Rehearing Denied March 26, 1943

January Term, 1943
Division A

*Horn & Ossinsky,* for appellant.

*Futch & Futch,* for appellee.

TERRELL, J.:

In January, 1936, N. W. Carter was employed by J. F. Weathers and while driving a Ford V-8 coupe in Brevard County, he collided with a Chevrolet truck and trailer owned by Irwin Cauthen but was being driven at the time by T. B. Ingram an employee of Irwin Cauthen. N. W. Carter suffered serious and permanent injury from the collision.

Carter filed his claim for compensation under the Workmen's Compensation Law which was allowed by the Florida Industrial Commission and benefits were paid by the employer's compensation insurance carrier. In January, 1940, the employer (Weathers) for the use and benefit of the employer's insurance carrier instituted suit against Irwin Cauthen, a third party tort feasor. A demurrer to the declaration as amended was sustained and final judgment of dismissal was entered. This appeal was prosecuted.

There is apparently no dispute as to the salient facts. The relation of the parties, the collision, the awarding of benefits by the Florida Industrial Commission and the acceptance of such benefits by Carter in the way of doctors bills, hospital bills and compensation benefits through the employer's insurance compensation carrier are admitted. The alleged negligence which caused the injury is not admitted.

The first question raised turns on the interpretation of Section 39 (a) and (b) of the Workmen's Compensation Law as follows:

"(a) If on account of a disability or death, for which compensation is payable under this act, the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect by giving notice to the employer and the Commission in such manner as the Commission may provide, to receive such compensation or to recover damages against such third person. This notice must be given within thirty days from the date of the accident.

"(b) The giving of notice to accept such compensation shall operate as an assignment to the employer of all right

of the person entitled to compensation to recover damages against such third person."

It is contended that since another than the employer is liable for the injury to Carter and that Carter failed to give the notice as required by paragraph (a) as above quoted but accepted compensation from his compensation insurance carrier, the employer cannot now recover damages for the use and benefit of the employer's insurance carrier.

The purpose of the Workmen's Compensation Law was to make available promptly medical attention, hospitalization, and compensation commensurate with the injury if done in the course of the employment whether the employer or a third person was at fault. From a reading of the Act, it is perfectly evident that the legislature contemplated that third parties might be responsible for commensurable injuries.

Paragraph (b) of the quoted act amounts to an assignment of a right of action to the employer by his employee and by its terms the assignment is completed on giving of the notice to accept the compensation. Such a provision is a derogation of the common law and should be construed strictly when as here it amounts to assigning a right of action to the employer against the third party. The requirement of notice is for the benefit of the employee and in Hartquist v. Tamiami Trail Tours Inc., 139 Fla. 328, 190 So. 533, we held that the giving of the notice was not a condition precedent to maintaining the action but if the right to sue the third party is assigned the notice should be given.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.