**ANNIE HAHR PAWLEY v. WILLIAM D. PAWLEY**

| | |
|---|---|
| 37 So. (2nd) 247 | June Term, 1948 |
| October 22, 1948 | En Banc |

*Redfearn & Ferrell* and *Ward & Ward*, for appellant.

*Loftin, Anderson, Scott, McCarthy & Preston*, for appellee.

BARNS, J.:

The appellee has moved to dismiss the appeal for failure of counsel to comply with Supreme Court Rule 20, relating to briefs to be filed by an appellant.

We find in the case at bar thirty-eight pages addressed to the "history." The brief contains ninety pages. It appears that the material matters of record are the bill, answer, counterclaim, master's report, exceptions thereto, order on exceptions, final decree, appeal and assignments of error. An examination of appellant's brief reveals that the "history" portion of it contains much argument and undue elaboration relating to the matters placed in controversy.

The provisions of Supreme Court Rule 20 relating to "history of the case" have reference to the proceedings had in the lower court preceding the appeal.

The rule prescribes:

*History of the Case—Appellants.* "The history of the case should be limited to a concise recital of the essential facts without argument or undue elaboration. It should state the purpose of the litigation, should contain a chronological enumeration of the pleadings (and if necessary, a summary thereof), the issues made, and the judgment of the trial court with appropriate reference to applicable pages of the transcript. . . ."

It is contemplated that the "history" should be confined to such matters as are not the subject of controversy and that material controversial matters be presented under "argument." In the event the appellee conceives the "history," as stated by appellant, to be deficient, or in error, it is provided:

". . . The appellee in his brief may point out any error in the brief of appellant and make such additions to the history of the case as recited in the brief of appellant as he may deem essential to the disposition of the questions raised, with references to the pages of the transcript which he claims support his position."—Supreme Court Rule 20.

That part of the statement of the facts dealing with the pleadings, motion, rulings on motions, and the instructions of the lower court are comparatively simple to state. A discussion of the evidence does not belong in the statement or history of the case. Its place, when properly included in the brief, is in the argument.

The "history" should be a short general narrative of the steps taken in the progress of the suit in the trial court. The details which are material should be presented under "argument." The purpose of the "history" is merely to introduce the case to the appellate court, wherein the proceedings in the trial court should be stated only generally, and not in detail.

An appellate court is primarily interested in the assignment of errors and the argument addressed thereto, and the service of stating the "history of the case" is quickly to orient the appellate court with reference to them.

The "history of the case," specified to be stated in appellant's brief, is not to be confused with matters relating to "argument" addressed to the assignment of errors and "questions" presented in argument of the merits of the assignment of errors.

The Court, when considering a brief, assumes that argument has been placed under "argument." An appellant should not expect the justices of the appellate court to look at matters in the "history" for "argument" addressed to errors. Often the "history of the case" is so simple that it will not be necessary for the appellate court to examine counsel's statement of the "history," especially when it appears prolix, discursive, and without the rule. *Argument and discussion of the controversy in the "history" instead of under "argument" may often serve to conceal it.*

Although it may be beside the point, we are prompted to address ourselves to the rule relating to "questions involved" which is synonymous with "points involved."

It often happens that such "questions" are stated at such length and in such detail as to serve no useful purpose. The rule does not contemplate that a briefer, in stating a "question" will attempt to import into the question such details as will make the "question" so imponderable as to destroy its usefulness. "Questions" which cannot reasonably be retained in the mind are useless. *The purpose of a "question" is to convey a thought rather than to serve a mechanical purpose.* The subject matter of a question or point need not be placed in one sentence nor all in one paragraph.

The statement of the subject matter or hypothesis may follow the interrogatory portion of the "question." If the question is of much length, the subject matter is read with more interest when the reader is first advised of its intended application.

As to the purposes, functions and correlation between "Questions" and assignments of error, see Town of Howey-in-the-Hills v. Graessle, 36 So 2nd 619.

The motion to dismiss the appeal is denied but the brief is stricken and the appellant allowed thirty days within which to file appropriate brief.

TERRELL, CHAPMAN, ADAMS, SEBRING and HOBSON, JJ., concur

THOMAS. C. J., dissents.