SEBRING, Justice.
The appellant was the plaintiff below. She filed her suit in the Circuit Court for Broward County, Florida, charging the ap-pellees, who were the defendants below, with gross negligence resulting in injury to her, a guest passenger, in the car owned by one appellee and driven by the other. At the trial before the jury on the complaint and an answer denying gross negligence, a verdict was returned in favor of the plaintiff, and judgment was éntered thereon. Subsequently, on motion of the defendants, the judgment was set aside and a final judgment was entered in favor of the defendants'. The plaintiff has appealed from the judgment. The matter now comes on before this .Court on motion of the ap-pellees to affirm the judgment on the ground that the appellant has failed to file and serve upon them her designation of portions of the trial proceedings to be included in -the record-on-appeal, pursuant to the provisions of Florida Supreme Court Rule 33, subd. 3(a) and (b), 30 F.S.A.
We think that the appellees have misconceived the nature and function of the “motion to affirm, judgment”, provided for by Rule 38, Supreme Court Rules. For a discussion of its purpose, see Joseph T. Miller Construction Co., Inc., v. Borak, Fla., 82 So.2d 147. However, since an important point of. procedure is presented by the motion filed by the appellees, we shall consider and dispose of it as though it had been properly raised by a general motion to require compliance with the rules. See Rule 34 subd. 7; compare Rule 33, subd. 5.
Rule 33 subd. 1, as amended, provides that “Appeals shall be prosecuted to this Court either on an original record, a transcript of record, or a stipulated statement, which shall constitute the record-on-appeal.” Rule 33 subd; 2, as amended, provides, in part, that “Ninety days after the notice of appeal has been filed * ■ * * the clerk of the court from which the appeal has been taken shall transmit to the clerk of this Court.all of the original papers in the action or proceeding in which the appeal is taken, together with a copy of any such parts of the trial proceedings as were stenographically reported and have been designated by the parties * * * for inclusion in the record-on-appeal * * ' *. The responsibility for conformance with this rule shall rest upon the appellant.” (Emphasis supplied.) Amended Rule 33 subd. 3(a) provides that “when any proceedings in the court below have been stenographically reported, the appellant *, * * shall file, and serve upon the appellee, a designation of such parts of said proceeding as he shall deem necessary for the appeal. Within 10 days *376 thereafter, the appellee shall file and serve upon-the appellant,a designation o.f-such additional parts-of said proceedings .as he shall .deem necessary-for the appeal..” (Emphasis supplied.)
Rule '36 subd. 6, entitled "Contents of Appellant’s B'riéf”, sets forth the matters that must be included in the appellant’s main' brief. Subsection (e) thereof requires an appendix tó be included in the brief, “which shall contain * * * a copy of such parts of the original record material to the points presented as the appellant desires the Court to read.” (Emphasis supplied.)
It should be obvious from the foregoing quoted portions of the rules that where an appellant is of opinion that the appeal may be decided without resort to any portion of the “trial'proceedings,” he is under no duty to include any portion in the'record-on-appeal — and, 'in such a situation, no purpose would be served by requiring the "appellant to serve the appellee with a “designation” of portions of proceeding^ that will not be included in the record-oñ-áppeal. '
 However, we think it only fair, in connection with the above. statement, -to . sound a note of warning to an appellant who elects to come-here with,an appendix that does not completely support his, case.- Un-der-our system of procedure the burden is always upon the appellant to. make reversible error clearly appfear. Therefore, the duty rests upon the appellant to include' in the appendix to his brief such parts of the original record as. will demonstrate to the court, ■without resort to the record-on-appeal, that error- requiring -reversal- of the judgment or decree appealed from has been committed in the court below. For, as is made plain by the wording of Rule. 31, “appeals will be heard- and determined on, assignments of error, appendices and briefs filed in accordance with the rules,” and “the record-on-appeal will be referred, to [only] ■whpn necessary to settle material .conflicts between, the parties.” Under this rule .the . Court will-feel under.no obligation to-resort .to the. record-on-appeal. to decide a case merely because the-appellant has wilfully. failed to include in his appendix sufficient matter to enable the Court-to arrive, at a decision, nor will the appellee be under any obligation to supply such deficiency.by.including in his appendix matter that should have been included in the -appendix of the appellant. .
In the brief filed by the appellant -in the case at bar three points are presented for ■the reversal of the judgment. Air of these are addressed to the proposition' that ■ the trial court committed reversible error in setting aside the jury verdict in favor of the defendants. In behalf of these points it is argued by the appellant that the most'the trial' court could' have lawfully ordered, after setting aside the verdict, was that the case be remanded to the trial docket for a new trial before another jury. ‘ To support her contention in-this ■ regard, the appellant has" included in her appendix copies 'of the pleadings in, the cause, the verdict and judgment in the case, the de- ■ fendants’ motion to set aside-the verdict and the trial court’s • order thereon. She has ■also' included in her appendix “-Plaintiff’s Exhibit No. 1-7,” introduced in- evidence • at the trial, which consists of. a certified copy of two instruments. The -first is an information filed in the Criminal Court of Record of Palm Beach County charging the defendant Ronald W. Yurewitz with driving the automobile at the”'time of the accident that formed the. basis for the appellant’s instant civil suit in “willful or wanton disregard for the safety of persons or property; that is to say, that-he’.did then and ■there operate a motor vehicle at a rate of speed in excess of 50 miles per hour at night, to-wit: at a rate of 75 miles per hour, contrary to the form of the Statute in such case made and provided * * The second instrument is -a docket 'entry of'the-said criminal court of record show-ring that- upon’arraignment-under.the above information ■-the deféndant entered a voluntary plea -of=guilty.'- '
-The contention advanced by the appellant is that the defendant’s,.voluntary plea .of guilty in. the criminal prosecution was properly admitted in the civii suit, “and that it alone was a,sufficient, basis on which the *377 jury could reasonably have' found in' favor of -the plaintiff; even if no other evidence tending to establish the guilt of the defendants were [sic] intrpduced;” that- consequently the lower court erred in reversing the jury verdict and entering final judgment in favor of the defendants. ‘
Without expressing any views as to the validity of the argument advanced by the appellant in support df the basic issue, wé -have the opinion- that if the appellant is convinced that the appendix to her brief contains all that is necessary to demonstrate, without a resort by this Court to other portions of the "trial proceedings,” that’’reversible’ error' has' been committed, no duty rests upon her to include such other portions .in her record-on-appeal, orto serve the appellees with á “designation” in respect to such immaterial portions.
Having reached’ this conclusion, we are of the opinion that the motion to affirm the judgment should be denied.
It is so ordered.
DREW, C. J., HOBSON, and THOR-NAL, JJ., concur.