WIGGINTON, Judge.
This cause arose out of a claim by appellant, plaintiff at trial, for alleged damages resulting from injuries sustained when she slipped and fell on defendant-appellee’s dance floor. Defendant answered denying negligence and interposed the defense that plaintiff’s negligence was the proximate cause of her injuries. Defendant took plaintiff’s deposition and thereafter moved for the entry of summary judgment. After hearing and upon consideration of the record in the cause, including plaintiff’s deposition, the trial court granted defendant’s motion. It is from the summary judgment that this appeal is taken.
Appellant filed in this court her brief together with an appendix thereto as contemplated by Rule 3.3, Florida Appellate Rules. The appendix, however, does not contain either a copy or a summary of plaintiff’s deposition which was considered by the trial court in the entry of its summary judgment.
Appellee filed its brief in which its entire argument is confined to the single point that, having failed to include the plaintiff’s deposition in her appendix, appellant cannot demonstrate error in the face of the presumption of correctness which accompanies the actions of a trial court on appeal. Having relied upon this *417 single question, appellee elected not to include an appendix in its brief.
In apparent appreciation of the merit in appellee’s argument, appellant promptly filed its reply brief, as permitted under Rule 3.7, subd. c, F.A.R., and attached thereto an appendix consisting of the deposition, previously omitted. This appendix is purported to have been attached to appellant’s reply brief under Rule 3.7, subd. h, F.A.R.
The cause is now before the Court upon appellee’s motion to strike the appendix to appellant’s reply brief as, inter alia, not within the scope of appendices authorized and permitted by the Florida Appellate Rules.
We are not here dealing with a mere procedural technicality which bears no relationship to the merits of the cause. On the contrary, we are called upon to pass on a question of compliance with an essential and indispensable phase of established procedure governing the appellate process.
Rules of appellate procedure have been adopted in order that the reviewing court may be advised with certainty as to what it is being called upon to decide. It is axiomatic that appellate courts in this jurisdiction cannot and will not retry cases on appeal; nor will they comb the record in search of errors or grounds for reversal of the trial court’s rulings, such being clothed with a presumption of correctness of which they will not be divested in the absence of error clearly shown. The Florida Appellate Rules expressly provide that all appeals will be heard and determined on assignments of error, appendices and briefs filed in accordance with the rules; the record on appeal being referred to only when necessary to settle material conflicts between the parties.[1] This rule, and the cases in which it has been construed,[2] document the importance of filing in the appellate court proper briefs and appendices as directed by the rules. They are the tools with which counsel must present the issues on appeal for determination. Properly used they make possible a speedy and just determination of those issues. When misused or ignored, the appellate court is powerless to insure complete justice between the parties.
The importance of the function of an appendix becomes doubly apparent when it is realized that most appeals are taken on the original record, which is returned to the trial court when a decision is rendered. The appendices constitute the only record of the proceedings upon which the appellate court’s decision is based that remains in the archives of that court. The occasions are not infrequent when it is necessary and expedient to refer to those records for a more complete understanding of the basis upon which the decision therein was rendered. Thus, appellate proceedings are not governed by rules without reason, but, on the contrary, each rule so adopted is of the utmost importance in its particular sphere and may not be twisted or ignored if the parties to a cause expect the court to render its decision solely on the issues upon which review is sought.
 Rule 3.7, subd. f (5), F.A.R., provides that the appendix to appellant’s brief shall contain, among other things, a copy of such parts of the original record material to the points presented as the appellant desires the Court to read. The rule does not contemplate, nor will the court alone assume the task of searching the record on appeal to ferret out those portions necessary for its consideration in disposing of the questions presented. The function of designating those portions of the record relied upon to demonstrate error rests exclusively with the party assigning error. All such portions of the record must be included in the appendix, *418 else there will be no basis upon which the appellate court can determine whether error was committed.
We do not consider that the rule contemplates inclusion in the appendix of the entire record on appeal, nor any large segment thereof. To require this would place upon the parties an undue burden, which is not the intent of the rules. In those instances when desired parts of the record such as depositions are too numerous or lengthy, verbatim inclusion in the appendix would appear superfluous. It is required only that such portions thereof be included as the party may consider demonstrates the correctness of his position, if this can be done without destroying the context or rendering it misleading. If such a procedure is impractical because of the nature of the matter sought to be included, or the frequency with which the material evidence appears throughout the record, then a summary thereof, in narrative form, should be set forth in the appendix with appropriate references to the pages of the record on appeal wherein such matters appear. Anything short of substantial compliance with the rule relating to the form and content of the appendix will constitute such a material violation as will justify the appellate court in affirming the judgment, order or decree appealed from with or without a hearing on the merits.
We find no merit in the contention of appellant herein that the appendix attached to her reply brief is authorized under Rule 3.7, subd. h, F.A.R., since that rule expressly limits the appendix to a reply brief to .only such parts of the record as an appellant wishes the court to consider “* * * in view of the parts presented by the appellee.” The absence of an appendix to. appellee’s brief precludes the application of Rule 3.7 subd. h, F.A.R., and, therefore, precludes the appellant’s, filing an appendix to her reply. A contrary rule would enable an appealing party to keep her adversary in almost total darkness as to any record evidence of the errors relied upon until after the latter’s brief had been filed, thus denying opportunity for rebuttal.
The appropriate procedure for appellant to have followed, upon discovering her failure to include material and pertinent portions of the record on appeal in her appendix as is required by the rules,, would have been by way of a motion for leave to amend the appendix to include the omitted matter.[3]
After hearing argument of counsel, following which counsel for appellee consented to the entry of an order authorizing appellant to attach an amended appendix to her original brief and allowing appellee to then amend its brief to conform thereto, we are of the opinion that the procedure followed by appellant, though erroneous, resulted from a bona fide misunderstanding of the purpose and intent of the rules. While ignorance of the rules alone will not suffice to excuse a failure to conform, the court is inclined under the circumstances here presented to deny appel-lee’s motion and to consider the appendix complained of as constituting a part of appellant’s main brief to the same extent as if appellant had properly moved for permission to amend by adding the deposition. This denial of appellee’s motion is without prejudice to its right to file a supplemental brief in answer to appellant’s brief, as amended herein, within twenty days from the date of this order, if it be so advised. In so doing, however, we do not intend that this opinion will serve as a precedent for further violations of the rules such as this, either with or without consent of opposing counsel.
It is so ordered.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. Rule 3.3, F.A.R.

. See: Bolick v. Sperry, Fla.1955, 82 So. 2d 374.

. See: Pawley v. Pawley, 160 Fla. 903, 37 So.2d 247; Coult v. McIntosh Inv. Co., 126 Fla. 864, 171 So. 793.