ALLEN, Acting Chief Judge.’
This is an appeal from a final decree in chancery in favor of Louis Hirsch, et al., appellants. The appellants assigned as error on the part of the lower court that they were not allowed as much damage as they contend they were due under a deposit agreement.
The appellants are the owners of certain real property in Brevard County which they leased to the appellees for a term of twenty years. It was contemplated in the lease that the property would be developed and used as a motor trailer park. The lessees filed this suit against the lessors on February 4, 1958 seeking a rescission of the lease and the return of the $14,000 deposit, alleging primarily that the lessors had not constructed 99 trailer spaces in accordance with the plans mutually agreed upon. The lessors denied in their answer that they had breached the lease and averred that they had actually constructed 104 trailer spaces in accordance with the agreed plans.
The lessors also filed a counter-claim alleging that the lessees had gone into .possession of the leased premises and had failed to pay the rent provided for in the lease and that, consequently, the lessors had instituted an eviction proceeding against the lessees in the County Judge’s Court for Brevard County which was pending at the time lessees filed their complaint in this case. The lessors also alleged that they had expended $50,750.96 in connection with the construction of the trailer park and that the lessees were, consequently, indebted to them for the excess over $40,000, which amounts to $10,750.96. Additional allegations were made by the lessors as to fees and payments to brokers and attorneys. The lessors prayed that the lessees be required to vacate the premises and that the lessors be permitted to retain all of the $14,000 deposit to be applied against sums due them as well as to unpaid rent.
■ The lower court personally heard the testimony and entered a final decree in which possession of the leased premises was awarded to the lessors. The lease was cancelled. Damages of $3,500 plus $500 for attorneys’ fees, was awarded to the lessors to be retained out of the $14,000 *493 deposit. The lessors were directed to return the balance of the deposit, amounting to $10,000, to the lessees.
The appellees filed no cross-appeal nor cross-assignment of errors, also no appendix to their brief was filed. Therefore, the sole question with this court is whether or not the chancellor, under the evidence in the case and the deposit agreement, was in error in not awarding larger damages to the appellants.
The lease in question provided that the first year’s rent should be $1,500 for January 1958; $1,500 for February, 1958; $1,500 for March, 1958 and $1,500 for April, 1958, and $1,000 per month; payable each month for the balance of the first five-year period, etc. The lease further provided:
“That it is further agreed that the lessors hereby agrees (sic) to construct Ninety-nine (99) trailer spaces in accordance with layout mutually agreed upon by the lessors and lessees and that the lessors will pay up to Fourty (sic) Thousand Dollars ($40,-000.00) towards the construction thereof and that the costs of construction in addition to $40,000.00 will be paid by the lessees. That the amount in addition to $40,000.00 shall be paid by the lessees will be paid in four (4) equally annual installments, first payment thereon due and payable on or before November 1, 1958.”
The final decree of the court cancelled the lease on the ground that the plaintiffs (lessees) had failed to fulfill the terms of the lease, that they were in default in payments in accordance with the lease, and that they had damaged the defendants, and counter-claimants. The decree further gave immediate possession of the property to the lessors, cancelled the lease and awarded the defendants and counter-claimants damages in the sum of $3,500 and attorneys’ fees in the sum of $500, making a total of $4,000.00, and decreed that the balance of the $14,000.00 deposit, or the sum of $10,000.00, should be returned to the lessees (appellees).
We are not able to ascertain from the appendix in the appellants’ brief, nor the transcript of the testimony taken before the court, the basis for the court allowance of $3,500 for damages. The undisputed evidence before the court was that the total cost to the lessors which was spent by them, pursuant to the lease, was the sum of $50,750.96 and that this sum was agreed upon and approved by the lessees, so since the lease provided that any sum of money spent by the lessors in the development above $40,000 should be reimbursed to them by the lessees, clearly they should have been allowed the sum of $10,750.96 on the construction item alone. This sum plus $500 attorneys’ fees allowed by the court would amount to $11,250.96 of undisputed damage due the lessors. Subtracting this sum from the $14,000 in the possession of the lessors as a deposit, would leave the sum of $2,749.04 due to be returned by the lessors to the lessees, unless in the record further damage items would be due them. The appellants-lessors contend that they are also due damages for the unpaid rent plus the sum of $7,000 paid to the broker for negotiating the lease.
Neither the assignments of error of the appellants nor the appendix to their brief show the basis for including the rental sums due as part of their damage. Therefore, we cannot hold that the lower court erred in not including the rental items in the damages due the appellants. Bolick v. Sperry, Fla.1955, 82 So.2d 374.
The appellants did assign as error the failure to include the brokerage sums paid as damages and included the testimony in their appendix to this effect.
Nowhere under the argument section of •appellants’ brief do the appellants show error or mention the failure of the chancellor below to award them damages for the sums paid to their broker in procuring the lease in question.
*494 The chancellor below will be affirmed in cancelling the lease and awarding possession to the lessors but will be reversed for the failure to include a sufficient sum as damages to the lessors under the admitted facts in the record. Upon a return of this record, the court will amend the final decree by awarding the sum of $11,-250.96 to the appellants as damages and direct the return of the sum of $2,749.04 to the appellees out of the $14,000 retained by the appellants as a guarantee deposit in this case.
Affirmed in part and reversed in part.
SHANNON, J., and DREW, E. HARRIS, Associate Judge, concur.