PER CURIAM.
This is an interlocutory appeal by the plaintiff from an order sustaining the defendant’s objections to interrogatories propounded by the plaintiff. Appellant is the daughter of Luther Chandler, Sr. by a previous marriage, appellee is his widow. Mr. Chandler died leaving property valued at .approximately $1,200,000 of which approximately $830,000 passed outside of the will. The deceased, prior to dissolving his marriage to appellant’s mother, agreed to make a will leaving one-third of his estate to appellant, and to maintain a life insurance policy with a face value of $10,000 payable to appellant.
Appellant instituted this suit seeking; ■specific performance of the deceased’s contract to make a will; declaration of trust as to that property which passed outside of the will; payment of $10,000 for failure to maintain the life insurance policy and a decree declaring appellant’s rights.
Appellee moved to dismiss the ■complaint for failure to state a cause of .action upon which relief could be granted. The trial court denied this motion, thus sustaining the complaint as sufficiently pleading facts upon which relief could be granted. 'The question of the sufficiency of the complaint is not presently before this court and can not be considered by us at this time,[1] Once having sustained the complaint, the complainant must be given an opportunity, by means of discovery proceedings, to establish the allegations of her complaint. To sustain the complaint and then refuse to permit discovery proceedings consonant therewith, would be in derogation of the modern theory of procedure.[2]
The trial court having determined that the existence of assets which passed outside of the will of the deceased might entitle appellant to relief, should have permitted appellant to make inquiry in relation thereto.
Accordingly, the order sustaining appel-lee’s objections is reversed and the cause remanded to the trial court in order to determine which of the appellant’s interrogatories are related to the allegations of the complaint.
Reversed and remanded with directions.

. Vaughn v. Smith, Fla.1957, 96 So.2d 143; Dicks v. Colonial Finance Corporation, Fla.1956, 85 So.2d 874; Urban v. City of Daytona Beach, Fla.App.1958, 101 So.2d 414.

. Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L.Ed. 451. See Charles Sales Corp. v. Rovenger, Fla.1956, 88 So.2d 551, for applicability of Federal Jurisprudence in this area.