177 So.2d 709 (1965)
JOHN T. WOOD HOMES, INC., a Florida corporation, Appellant,
v.
AIR CONTROL PRODUCTS, INC., of Jacksonville, Appellee.
No. G-173.
District Court of Appeal of Florida. First District.
June 29, 1965.
Rehearing Denied August 31, 1965.
*710 A.M. Crabtree, Jr., Jacksonville, for appellant.
John B. Culp, Jr., Jacksonville, for appellee.
RAWLS, Justice.
Appellant, John T. Wood Homes, Inc., appeals from a summary final decree granting to defendant appellee a mechanic's lien upon a parcel of plaintiff's property.
We are here concerned with an interpretation of Section 84.061, Florida Statutes, F.S.A., the same being a part of the mechanic's lien law. Appellant owner's contractor abandoned construction of the three homes prior to completion. After abandonment, the owner procured an affidavit from the contractor setting forth the names of each subcontractor, materialman and supplier and the amounts due each. From the contract price, the owner deducted the amount required to complete the construction together with the sum of the previously made proper payments and attempted to prorate the balance among the various lien claimants. The proration was not accomplished, and the owner filed this action against all lien claimants. Settlement was amicably made as to each defendant except appellee, Air Control Products, Inc. With its motion for summary judgment, appellee filed an affidavit which set forth that the owner had failed to file a notice of abandonment.[1] The plaintiff-owner filed a countering affidavit stating that defendant had actual knowledge of the abandonment. The chancellor held that since the owner failed to record with the clerk of the circuit court a notice of abandonment, the plaintiff-owner is not permitted to reduce the contract price by the amount of the cost of completion of construction and that the balance due under the contract was sufficient to pay defendant who was awarded a mechanic's lien to the full extent of its claim in the sum of $299.15 plus attorney's fees.
*711 Plaintiff appeals the foregoing judgment and states as his only point: Does the failure to file a notice of abandonment deprive the landowner of the right to reduce the contract price by the cost of completion of construction and to prorate the remaining funds unto the lienors?
We conclude that the chancellor was correct in holding that plaintiff-owner's failure to comply with the explicit provisions of the statute, viz.:
"Such default shall not be effective as to lienors except the contractor until the owner has recorded notice of default in the clerk's office and posted a certified copy thereof."
is mandatory and must be complied with before the benefits of the subject statute are available to plaintiff. Therefore, we affirm the summary final decree.
Appellee-claimant has filed its petition for attorney's fees incurred in defending this appeal. At first blush we were of the immediate opinion that the provisions of Section 84.291, Florida Statutes, F.S.A., to wit:
"In any action brought to enforce a lien under this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs."
and Appellate Rule 3.16, subd. e, 31 F.S.A.:
"Where attorney's fees are allowable by law for services in the appellate court the request therefor shall be presented by motion filed with the clerk of the appellate court * * *"
required that an attorney's fee on appeal be allowed. However, after extensive independent research, we reach the conclusion that attorney's fees for appeal are not available to appellee in the instant cause.
We find no case construing Section 84.291 as applicable to appellate proceedings. An analogous statute is found in Section 627.0127 which provides in part:
"Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary * * the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. * * *"
In construing the foregoing statute, this court held in Boston Insurance Company v. Smith,[2] viz.:
"The appellee has filed a motion for the allowance of reasonable attorneys fees for services rendered before this court in this cause. This motion was presumably filed pursuant to the provisions of Section 627.0127, Florida Statutes, F.S.A., relating to the allowance of attorneys' fees to an insured or a beneficiary under an insurance contract when a judgment is entered against the insurer. In addition to the fact that this motion was filed two months late in violation of Rule 3.16, subd. e of the Florida Appellate Rules, 31 F.S.A. the motion must be denied for the reason that the Florida courts have consistently held that the mentioned statute does not authorize the allowance of an attorney's fee in defending a judgment on appeal. Metropolitan Life Ins. Co. v. Jenkins, 153 Fla. 53, 13 So.2d 610 (1943). Grand Assembly, etc. v. New Amsterdam Casualty Co., 102 So.2d 842 (Fla.App. 1958). Travelers Ins. Co. v. Tallahassee Bank and Trust Co., 133 So.2d 463 (Fla.App. 1961). Motion denied."
*712 The case of Luckhardt v. Pardieck[3] concerned a mortgage foreclosure proceeding in which plaintiffs procured a final decree. Defendants appealed and asked for supersedeas which the court fixed, including in the supersedeas bond as a condition, the payment of attorney's fees. Since the note securing the mortgage provided for reasonable attorney's fees, appellees in claiming attorney's fees insisted that Florida Appellate Rule 3.16, subd. e was applicable and that the terms of the note came within the contemplation of the rule. The Second District Court in denying attorney's fees held that Rule 3.16, subd. e was only applicable where attorney's fees were allowable by law in an appellate court and in reaching this conclusion held that Justice Drew's decision in Larson v. Higginbotham[4] contained the controlling principle of law. The District Court distinguished their previous decision, Travers v. Tilton,[5] by noting that there both parties had explicitly agreed that appellee should be allowed attorney's fees for the appeal.
As noted from the outset, Section 84.291 carries basically the same provision as found in a promissory note, i.e., "a reasonable fee for the services of his attorney, to be determined by the court." This similar language was construed by Luckhardt as not authorizing an award of attorney's fees for the appeal. We cannot escape the conclusion that such principle is controlling in the instant cause and that the statute by not specifically setting out attorney's fees incurred on appeal would not encompass the allowance of such a fee.
Therefore, the petition for attorney's fees for defending this appeal is denied, and the summary final decree is affirmed.
STURGIS, C.J., and WIGGINTON, J., concur.
NOTES
[1] Subsection 84.071(4), Florida Statutes, F.S.A., reads: "If a contractor defaults and if all liens attaching prior to default are paid in full or pro rata in accordance with § 84.061(5), prior to the recommencement of completion of the improvement after such default, the lien of all lienors after such default shall take effect from such recommencement and not from the prior commencement of the improvement. Such default shall not be effective as to lienors except the contractor until the owner has recorded notice of default in the clerk's office and posted a certified copy thereof."
[2] Boston Insurance Company v. Smith, 149 So.2d 68 (Fla.App. 1st, 1963).
[3] Luckhardt v. Pardieck, 142 So.2d 749 (Fla.App.2d, 1962).
[4] Larson v. Higginbotham, 66 So.2d 40 (Fla. 1953).
[5] Travers v. Tilton, 134 So.2d 807 (Fla. App.2d, 1961).