194 So.2d 666 (1966)
BABE'S PLUMBING, INC., a Florida Corporation, Appellant,
v.
Emil P. MAIER and Hildegarde M. Maier, Husband and Wife, Appellees.
No. 6678.
District Court of Appeal of Florida. Second District.
October 26, 1966.
Rehearing Denied February 23, 1967.
*667 Boone, Hazen & Isphording, Venice, for appellant.
Richard V. Harrison, Sarasota, for appellees.
DRIVER, B.J., Associate Judge.
This appeal involves a construction of Section 84.061(2)[1] Florida Statutes (1963), F.S.A., the Mechanic's Lien Law. Appellant, Babe's Plumbing, Inc., was Plaintiff below; appellees, Emil P. Maier and Hildegarde Maier, were Defendants.
Defendants Maier were the owners of real property in Sarasota County upon which they contracted with a general contractor to construct a residence. Plaintiff was a subcontractor on contract with the general contractor to furnish plumbing supplies and services to the improvement of Defendants' aforementioned property. The general or prime contractor abandoned the contract and Defendants undertook to complete the job of construction.
Plaintiff, averring an unpaid balance of $623.33, sued the Defendants to foreclose a mechanic's lien claimed under Chapter 84, Florida Statutes (1963), F.S.A. The prime contractor was not joined in the suit.
The Defendants responded to Plaintiff's complaint by moving to dismiss for insufficiency of allegations to state a cause of action; by moving to require Plaintiff to attach to its complaint a copy of the contract sued upon, and copy of notice to owner. Defendants further served upon Plaintiff interrogatories and request for admissions.
Plaintiff in sworn answer to the interrogatories and request for admissions, admitted that it had not furnished upon request the sworn statement required by Section 84.061(2), describing the nature of the labor, services and materials furnished to Defendants' property. The Defendants thereupon moved the Court for summary decree in their favor.
The Chancellor ruled that by its failure to furnish the sworn statement to owner in accord with Section 84.061(2), Florida Statutes (1963), F.S.A., Plaintiff lost its right to lien under Chapter 84 Florida Statutes (1963), F.S.A. and there being no material issue of fact on this critical point, granted the summary decree for Defendants. It is this ruling that Plaintiff complains of in this appeal.
Plaintiff with commendable candor concedes in its Brief that there was no material *668 issue of fact as to furnishing the sworn statement and if its failure to furnish the same is fatal then the Chancellor was correct and Plaintiff cannot prevail in its appeal to this Court.
It is Plaintiff's contention, however, that there was present, by inference at least, a showing in the pleadings before the Chancellor that Defendants themselves were in violation of the Mechanic's Lien Law and that Defendants' own non-compliance estops, or prohibits their setting up as a defense to Plaintiff's claim the latter's failure to comply strictly with the statute.
The non-compliance with which Plaintiff charges Defendants is an alleged improper payment purportedly made pursuant to Section 84.061(3)[2], but before recording of the notice of commencement provided for in Section 84.131.
This presents the issue to be decided: Is a subcontractor's failure to comply with the explicit provisions of the Mechanic's Lien Law, Chapter 84, Florida Statutes (1963), F.S.A., excused, and his lien, otherwise lost, preserved, where the owner is likewise guilty of non-compliance with the statute?
Chapter 84.161(2) clearly and unequivocably declares that:
"failure or refusal to furnish such statement within ten days after such demand * * * shall deprive the person so failing or refusing to furnish such statement of his lien".
It has been reiterated constantly by the Appellate Courts of this state that inasmuch as the Mechanic's Lien Law is in derogation of the common law, it is to be strictly construed in every particular.
"The acquisition of a mechanic's lien is purely statutory. The courts have uniformly held that to acquire such a lien, the mechanic's lien law must be strictly complied with". Trushin v. Brown, Fla. App. (3rd Dist.) 132 So.2d 357.
The Supreme Court of Florida in admonishing the trial courts not to extend the Mechanic's Lien Law beyond the legislative boundaries fixed by the wording of the statute stated:
We have repeatedly held that mechanic's liens are pure creatures of statute and that for a subcontractor or a material man to acquire one, the statute must be strictly complied with. Sheffield-Briggs Steel Products v. Ace Concrete Service Co., 63 So.2d 924.
Plaintiff would avoid the lethal effect upon its position of the above cited authorities by seeking refuge in the holding of the District Court of Appeal (1st Dist.) set out in John T. Wood Homes, Inc. v. Air Control Products, Inc., 177 So.2d 709. In this case the Court was confronted with a situation where the homeowner had failed to record the notice of default required by Section 84.061 and thereafter sought to reduce the contract price of construction by the amount the owner was required to spend to complete construction. The District Court, in affirming the Chancellor's ruling that the owner would be denied the affirmative relief available under the statute for failure to strictly comply therewith stated:
"We conclude that the chancellor was correct in holding that plaintiff-owner's failure to comply with the explicit provision of the statute, viz: `Such default shall not be effective as to lienors except the contractor until the owner has recorded notice of default in the clerk's office and posted a certified copy thereof' is mandatory and must be complied with before the benefits of the subject statute are available to plaintiff. Therefore, we affirm the summary final decree".
*669 It is crucial to note here a distinction between the position of the owner in the last cited case and the position of the owner in the case under review. In the former, the owner was seeking affirmative relief, whereas Defendants herein assume a strictly defensive posture. Viewed in this perspective, John T. Wood Homes, Inc. v. Air Control Products, Inc., supra, affords no relief to Plaintiff; indeed it confirms that strict compliance with the statute is an indispensable prerequisite to either an owner, contractor or subcontractor seeking affirmative relief under Chapter 84 Florida Statutes (1963), F.S.A. It may be said to deliver the coupe de grace to Plaintiff's cause and lends substance to the hoary bromide "two wrongs do not make a right".
We summarize by pointing out that one moving for affirmative relief under Chapter 84, supra, must rely on the correctness of his own position, rather than the weakness or flaws in that of his adversary.
We have considered the appeal on its merits, but in so doing have not overlooked Defendants-Appellees' ably-briefed motion to strike Appellant's Brief and Appendix for failure to comply with Florida Appellate Rules 3.7, subd. f(5)[3] and 3.3[4], 31 F.S.A.
Appellant's brief and appendix is afflicted with all of the infirmities charged in Appellees' motion in that it contains only one instrument, and that is the decree appealed. This decree comes to this Court as being presumptively correct, and the burden of showing it otherwise is on the Appellant. Manifestly an Appellant cannot rely on the very order under attack as a basis for showing its incorrectness when such order is predicated on other findings or pleadings.
Material to proper consideration of Appellant's assignment of error and arguments thereon was the complaint filed below, interrogatories and request for admissions, answers to the latter and motions attacking the sufficiency of the complaint. None of these were contained in Appellant's Appendix to Brief and we would have been justified in granting Appellees' motion to strike without deciding the appeal on its merits.
The duty to abide closely by the Appellate Rules was pointed out in Bolick v. Sperry, 82 So.2d 374, the Florida Supreme Court stating:
"However, we think it only fair, in connection with the above statement, to sound a note of warning to an appellant who elects to come here with an appendix *670 that does not completely support his case. Under our system of procedure the burden is always upon the appellant to make reversible error clearly appear. Therefore, the duty rests upon the appellant to include in the appendix to his brief such parts of the original record as will demonstrate to the court, without resort to the record-on-appeal, that error requiring reversal of the judgment or decree appealed from has been committed in the court below. For, as is made plain by the wording of Rule 31, `appeals will be heard and determined on assignments of error, appendices and briefs filed in accordance with the rules,' and `the record-on-appeal will be referred to (only) when necessary to settle material conflicts between the parties.' Under this rule the Court will feel under no obligation to resort to the record-on-appeal to decide a case merely because the appellant has wilfully failed to include in his appendix sufficient matter to enable the Court to arrive at a decision, nor will the appellee be under any obligation to supply such deficiency by including in his appendix matter that should have been included in the appendix of the appellant."
This Court, in Urban v. City of Daytona Beach, Florida (2nd Dist. Court of App.) 101 So.2d 414, pronounced that
"* * * anything short of substantial compliance with the rule relating to the form and content of the appendix will constitute such a material violation as will justify the appellate court in affirming the judgment, order or decree appealed from with or without a hearing on the merits."
Similar pronouncements and rulings may be found in Williams v. Grogan, Fla., 100 So.2d 407; Ramsey v. Aronson, Fla.App., 99 So.2d 643; Redditt v. State, 84 So.2d 317.
Notwithstanding our decision to decide this appeal on the merits, we again emphasize the importance of strict compliance with the Appellate Rules in all matters brought to this Court.
Appellees have filed their petition for allowance of attorneys' fees expended by them in the defense of the appeal in this Court. This motion is predicated on Chapter 84.291 Florida Statutes, F.S.A. This section of the statutes was construed in John T. Wood Homes, Inc. v. Air Control Products, Inc., supra, where it was held that the Act does not authorize an award of attorneys' fees to an Appellee for defending an appeal.
The motion to tax attorneys' fees is therefore denied.
The decree appealed from is affirmed on the merits.
ALLEN, C.J., and SHANNON, J., concur.
NOTES
[1] "(1) A materialman or laborer, either of whom is not in privity with the owner, or a subcontractor who complies with the provisions of this chapter and is subject to the limitations thereof, * * *" (Emphasis supplied).

"(2) (a) All lienors under this section, except laborers, as a pre-requisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner setting forth the lienor's name and address, a description sufficient for identification of the real property, and the nature of the services or materials furnished or to be furnished. This notice must be served before commencing or not later than forty-five days from commencing to furnish his services or materials but in any event before the date of furnishing the affidavit under subsection (3) (d) (1) of this section, or abandonment, whichever shall occur first * * *." (Emphasis supplied).
[2] "(3) The owner may make proper payments on the direct contract as to lienors under this section, in the following manner: (a) The owner shall not pay any money on account of a direct contract prior to recording of the notice provided in § 84.131, and any amount so paid shall be held improperly paid." (Emphasis added)
[3] "3.7, subd. f. (5) An Appendix, which shall contain a copy of the material portions of the order, judgment or decree appealed from or sought to be reviewed or enforced, together with any opinion of the court, board or commission, and any pertinent portion of any report of a master filed in the case. The appendix shall also contain a copy of such parts of the original record material to the points presented as the appellant desires the Court to read."

"If the points presented on appeal arise in connection with testimony taken at the trial or hearing, the appellant shall incorporate such testimony in the appendix in question and answer form, as will best facilitate a clear and proper understanding of the points raised; but the inclusion of immaterial substance in the appendix will not be permitted. Asterisks, or other appropriate means, shall be used to indicate omissions in the testimony of witnesses. Reference to the pages of the record-on-appeal shall be made and the names of the witnesses shall be indexed. If the transcript of the testimony is bound and paged separately it shall be sufficient to refer to the pages of the transcript appellant desires the Court to read without copying the same in the appendix."
"The appendix may be in separate pamphlet or volume from the rest of the brief, but shall conform with the requirements of the brief as to paper, size, type, spacing, and titles. If it exceeds 50 pages the appendix shall be bound separately."
[4] "3.3 Appeals will be heard and determined on assignments of error, appendices and briefs filed in accordance with these rules; * * *"