CARROLL, Judge.
This is an appeal by the defendant below from an adverse judgment in a suit filed against her by a general contractor, for enforcement of a mechanic’s lien. The defendant answered, denying the alleged contract, denying performance by the plaintiff contractor, and averring failure of the contractor to furnish defendant with an affidavit as required by the lien law relating to payment of lienors. The defendant counterclaimed, alleging her signature was forged on the contract, and seeking damages or set-off for alleged unworkmanlike, inferior and defective work.
In the judgment entered by the trial court the facts and the court’s conclusions of law were set forth as follows:
“On August 12, 1964, a contract was entered into between Herman A. Thomas and Marie W. Sharpe. This contract of August 12, 1964, referred to the contractor as ‘Herman A. Thomas’ without further denominating him in the corporate capacity of Herman A. Thomas, Inc. The contract called for the payment of a contractor’s fee of $15,000.00. The testimony discloses, however, that the $15,000 to be paid to Herman A. Thomas was for the purpose of ‘pulling the permit’ for the construction of ‘Marble Terrace.’ This permitted the defendant to be and she was to have been ‘Owner-Builder’ and was to secure the services of an engineer and foreman to assist her in completing the construction of ‘Marble Terrace.’
“During the progress of construction after ground-breaking, it was discovered that concrete of a character not desired by the defendant was scheduled for use in constructing the building. As a result of this discovery, defendant became disenchanted with her structural engineer and dismissed him, having then personally contracted for the services of a new structural engineer who was to redesign the building using regular concrete. The defendant then requested the plaintiff, Herman A. Thomas, Inc. to ‘take over’ the construction of the building, and as a result thereof, the plaintiff and the defendant entered into a written contract on October 28, 1964, which by the following terms expressly superseded the contract of August 12, 1964: ‘The contract of agreement dated the 12th day *331 of August, 1964, is null and void. The parties shall be bound by this new contract.’
“The contract of August 12, 1964, was prepared by the defendant’s attorney and this Court finds that by omission, inad-vertency, or lack of knowledge on the part of the scrivener attorney, the designation of Herman A. Thomas rather than Herman A. Thomas, Inc. was a mistake. It has been shown conclusively from all the evidence and the exhibits on file that it was Herman A. Thomas, Inc. who was the general contractor in deed and in fact, and not Herman A. Thomas, individually, and this was well known to the defendant. The testimony of the plaintiff, Herman A. Thomas as President of Herman A. Thomas, Inc. disclosed that his license was in the corporate name and he could contract as a general contractor and obtain a building permit only in the name of Herman A. Thomas, Inc.
* * * * * *
“The Court also finds that the written contract of October 28, 1964, is supported by sufficient valuable consideration and was voluntarily entered into by the parties. The parties dealt at arm’s-length. The evidence does not establish the existence of a confidential or fiduciary relationship. Nor is there evidence that the plaintiff overreached the defendant or gained an unjust or undeserved advantage over her. The defendant was well informed or was in a position to become well informed of every detail of the transaction and its probable consequences. There is no evidence that execution of the contract by defendant was procured by fraud, trickery or deceit.
* * * * * *
“The defendant denied knowledge that the plaintiff was a corporate entity. However, other contracts between the parties were received in evidence and conclusively established that the defendant knew of plaintiff’s corporate status. It was also defendant’s testimony that plaintiff was to construct a 15-story building, which covered a work period of two years, for the sum of $15,000.00. It is, however, unreasonable and contrary to common sense to suggest a licensed contractor would devote his full time over a period of two (2) years for the sum of $15,000.00.
“The Court further finds the plaintiff has complied with the applicable requirements of the Florida Mechanic’s Lien Law.
“The Court further finds that plaintiff has, in good faith, substantially performed and completed the labor and services and furnished materials as provided for by the October 28, 1964 contract, and the same was performed and furnished as provided by that contract, and that same was performed and furnished toward and actually used in the improvement of defendant’s real property. In addition, the plaintiff has substantially performed all of the conditions precedent of the said contract on its part to be performed.
“Plaintiff has established that the construction cost of the ‘Marble Terrace’ was $864,526.76. Accordingly, plaintiff is entitled, under the contract, to recover the sum of $129,679.01, or fifteen per cent of the cost of construction, together with the sum of $23,175.00 as and for 103 weeks in supervising construction; however, the Court finds that the amount due the plaintiff shall be limited to the amount claimed in the plaintiff’s claim of lien, to wit: $150,-675.00. Defendant is entitled to a credit of $5,000.00 for monies advanced to the plaintiff, leaving the principal sum due plaintiff of $145,675.00, together with interest from the date of the filing of the claim of lien, to wit: November 14, 1966, to date at six per cent, or total interest of $26,949.-87, thus making the total sum due the plaintiff of $172,624.87.”
Thereupon the trial court entered judgment against the defendant for the amount stated above, reserving jurisdiction for further determination and ruling on the application for plaintiff’s attorney fees in the cause. The court also reserved jurisdiction for further trial before a jury of the issues on the legal counterclaim of the defendant.
*332 On appeal therefrom the defendant contends (1) that the claim of lien was not filed within ninety days after completion of the work, (2) that the affidavit filed by the contractor did not meet the requirements of § 713.06(3) (d) (1) Fla.Stat., F.S. A., (3) that the court committed error in ruling that certain evidence was not admissible, (4) that it was error not to try the issues raised by the counterclaim, (5) that the court erred in holding the parties had contracted as alleged by plaintiff, (6) that § 713.29 relating to attorney fees is unconstitutional, and (7) a contention that attorney fees are not allowable on appeal in a mechanic’s lien foreclosure suit.
The contention that the claim of lien was not timely filed was that there was no substantial work performed within ninety days prior to the filing thereof. Sub-paragraph 5 of § 713.08 Fla.Stat., F.S.A., relating to claims of lien, provides: “The claim of lien may be recorded at any time during the progress of the work or thereafter but not later than ninety days after the final furnishing of the labor or services or materials by the lienor; * * The contention of the appellant that the claim of lien was untimely filed in this case is not supported by the record, and the trial court was not in error in so concluding. The affidavit given by the contractor to the owner did not fail to comply with the requirement is set out in § 713.06(3) (d) (1). On consideration of the remaining contentions of the appellant, we find them to be without merit, and observe no need to lengthen this opinion by discussion thereof with the exception of point six, by which the constitutionality of § 713.29 Fla.Stat., F.S.A. is challenged.
That section of the statute provides that in such a suit “the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney.” On the occasions when it has been held that the statutory provision relating to attorney’s fees in suits to enforce liens under Chapter 713 does not extend to and provide for the allowance of such fees for proceedings on appeal, the court’s inferentially have recognized the validity of the statute permitting the award of attorney’s fee to the prevailing party for services in the trial court, and we so hold. See John T. Wood Homes, Inc. v. Air Control Products, Inc., Fla.App. 1965, 177 So.2d 709; Babe’s Plumbing, Inc. v. Maier, Fla.App.1966, 194 So.2d 666.
No reversible error having been made to appear, the judgment appealed from is affirmed.