316 So.2d 34 (1975)
SUNBEAM ENTERPRISES, INC., Petitioner,
v.
Mr. and Mrs. Walter UPTHEGROVE, Respondents.
No. 46205.
Supreme Court of Florida.
July 16, 1975.
*35 Peter H. Leavy of Myers, Kaplan, Levinson & Kenin, Miami, for petitioner.
Harold Solomon, Miami, for respondents.
ROBERTS, Justice.
This cause is before us on petition for writ of certiorari granted to review the decision of the District Court of Appeal, Third District in Sunbeam Enterprises, Inc. v. Upthegrove et al., reported at 300 So.2d 763 (Fla.App. 3, 1975), which decision conflicts with John T. Wood Homes, Inc. v. Air Control Products, Inc., 177 So.2d 709 (Fla.App. 1, 1965) and Babe's Plumbing, Inc. v. Maier, 194 So.2d 666 (Fla.App. 2, 1967). We have jurisdiction pursuant to Article V, Section 3(b)(3).
The decision of the District Court is before us in two parts, a per curiam affirmance of the trial court's judgment and an order fixing attorney fees on appeal before that court. The primary question with which this Court is concerned, sub judice, is whether the DCA-3 erred in awarding respondent's attorney fees for his services in defending the appeal in a suit by petitioner Sunbeam Enterprises brought to foreclose a mechanics' lien on a heating unit installed by Sunbeam on premises owned by respondents. Certiorari was granted in light of the apparent conflict with the instant decision by the DCA-3 to grant fees and John T. Wood Homes, Inc. v. Air Control Products, Inc., 177 So.2d 709 (Fla.App. 1, 1965) and Babe's Plumbing, Inc. v. Maier, 194 So.2d 666 (Fla.App. 2, 1967), which held that under the mechanics' lien law of Florida, attorney's fees are not to be awarded to the prevailing party at the appellate level, i.e., that Section 84.291 is not applicable to appellate proceedings. (NOTE: In 1967, F.S. 84.291 was changed to F.S. 713.29. However, the language of the two provisions is identical.)
Petitioner sued to foreclose a mechanics' lien and in its complaint alleged that on December 1, 1970, it entered into an oral contract with respondents to furnish and install a furnace, burner, ductwork, grills and oil tank appurtenances in respondents' home; that the contract had been fully performed, but that respondents had refused to pay petitioner for labor, services and material; and that petitioner pursuant to statute recorded its lien with the Clerk of the Circuit Court. Respondents, in their answer, denied that the contract had been *36 fully performed and by way of further answer and affirmative defense alleged that the oral contract was not fully performed by petitioner and services were not completed, that failure to complete the work was the fault of petitioner, that workmanship was defective and that petitioner failed to properly install the furnace and electrical parts, installed second-hand copper wires, installed second-hand chimney housing on the roof, failed to brace the closet shelves, failed to patch plaster holes in walls that were broken by petitioner, failed to properly install blower motor mounts causing them to loosen, failed to install a reliable and serviceable fuel tank, improperly installed fuel lines to said fuel tank, refused to complete the work and service his installation as orally agreed to, that the installation has failed to pass inspection by the Building and Zoning Department of Metropolitan Dade County. Respondents counterclaimed against petitioner as stated in the answer because of the costs they must incur to repair the defects. Respondents prayed that the court find petitioner's claim of lien a fraud and declare the lien unenforceable and that the court award respondents damages, court costs, and reasonable attorney's fees.
After considering the pleadings, testimony and memorandum of law, the trial court entered an order in favor of respondents ordering that petitioner (plaintiff) obtain nothing by this suit, that the recorded claim of lien is declared unenforceable and void, and that respondents, defendants shall recover $200 in damages from petitioner. Final judgment was entered by the court ordering that motion for new trial be denied, and awarding $200 damages, $1250 attorney's fees and $12.00 court costs.
On appeal to the District Court, petitioner as assignment of error alleged that "the trial court erred in entering that certain final judgment in favor of the Defendants, Mr. and Mrs. Walter H. Upthegrove, and against the Plaintiff, Sunbeam Enterprises, Inc., wherein the court awarded the Defendants damages in the amount of $1,462.00." The DCA-3 Per Curiam Affirmed without opinion the trial court's judgment and in a separate order, upon petition by respondents for attorney's fees for successful defense of the appeal, awarded respondents' attorney $400 as compensation for services in the cause before the DCA-3.
We find that the only meritorious question raised by petitioner on petition for writ of certiorari before this Court is whether the District Court of Appeal erred in awarding attorney's fees to respondents, the prevailing party on appeal, in the absence of express statutory authority to do so.
Petitioner contends that the DCA-3 erred in awarding attorney's fees to the prevailing party on appeal. Section 713.29, Florida Statutes, which provides:
"In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs."
does not specifically authorize the award of attorneys' fees to the prevailing party on appeal, as distinguished from Section 627.428 applying to suits against insurance companies which provides in pertinent part:
"(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." (emphasis supplied)
*37 and which does specifically allow for attorney's fees on an appeal. Petitioner argues that statutes authorizing attorneys' fees are in derogation of common law and require strict construction. Jackson v. Hatch, 288 So.2d 564 (Fla.App. 2, 1974). There is conflict among the District Courts of Appeal of this state as to whether attorneys' fees are to be granted on appeal to the prevailing party in mechanics' lien suits. In Maier, supra, and John T. Wood Homes, Inc. supra, the DCA-2 and DCA-1 respectively held that mechanics' lien law does not authorize an award of attorneys' fees to an appellee for defending an appeal. See also, Sharpe v. Thomas, Inc., 250 So.2d 330 (Fla.App. 3, 1971). In In re Estate of Potts, 199 So.2d 319 (Fla.App. 2, 1967), the DCA-2 held that the fact that a statute authorizes the trial court to allow fees does not ipso facto warrant the allowance of fees on appeal. However, the DCA-4 in Foxbilt Electric, Inc. v. Belefant, 280 So.2d 28 (Fla.App. 4, 1973) held, as follows:
"Plaintiff's motion for attorney's fees for services in connection with this appeal is granted. Although the cases of John T. Wood Homes, Inc. v. Air Control Products, Inc., Fla.App. 1965, 177 So.2d 709, and Babe's Plumbing, Inc. v. Maier, Fla.App. 1966, 194 So.2d 666, deny the award of attorney's fees in mechanic's lien foreclosures for services on appeal, both reasoning that the statute does not provide for fees to an appellee for defending an appeal, the language of § 713.29 does not distinguish between trial and appellate attorney fees; fees are not limited to the lower court. To make such a distinction would defeat the apparent intended purpose of the statute to make the prevailing party whole... ."
Respondents urge that this Court adopt the rationale of Foxbilt, supra, and affirm the award of attorney's fees by the District Court.
This Court has consistently held that the award of attorneys' fees is in derogation of the common law and that statutes allowing for the award of such fees should be strictly construed. Weathers, for Use and Benefit of Ocean Accident & Guarantee Corp. v. Cauthen, 152 Fla. 420, 12 So.2d 294 (1943); Great American Indemnity Co. v. Williams et al., 85 So.2d 619 (Fla. 1956); Kittel v. Kittel, 210 So.2d 1 (Fla. 1968); Stone v. Jeffres, 208 So.2d 827 (Fla. 1968). See also, Jackson v. Hatch, supra.
We agree with petitioner that the District Court erred in awarding attorney's fees on appeal to respondent since Section 713.29 does not expressly authorize the award of attorneys' fees on appeal and we would adopt the reasoning of the District Court of Appeal, First District, in John T. Wood Homes, Inc. v. Air Control Products, Inc., that "... the statute by not specifically setting out attorney's fees incurred on appeal would not encompass the allowance of such a fee." Accord, Babe's Plumbing, Inc. v. Maier, supra. See, Alyeska Pipeline Service Co. v. Wilderness Society et al., 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), Supreme Court of the United States, opinion filed May 12, 1975.
We have carefully reviewed the record before us and find that other points raised by petitioner, sub judice, are without merit, that the judgment of the trial court is supported by the evidence, and that the District Court properly affirmed said judgment.
Accordingly, that part of the District Court decision awarding attorney's fees is quashed and that part of the decision affirming the judgment of the trial court is *38 affirmed. The cause is hereby remanded for proceedings consistent herewith.
It is so ordered.
ADKINS, C.J., and SUNDBERG, J., concur.
ENGLAND, J., concurs with an opinion, with which OVERTON, J., concurs.
ENGLAND, Justice (concurring).
The petition for a writ of certiorari in this case asks us to review two separate orders entered by the district court on September 3, 1974. One affirms, without opinion, a trial court judgment in favor of respondents. The other awards attorneys' fees to respondents' counsel for legal services rendered on appeal.
I agree with the majority's determination granting certiorari of the order awarding attorneys' fees, as there is direct conflict with other appellate decisions of this state. I also agree with the majority's resolution of the conflict, for the reasons well expressed in the majority's opinion.
With respect to the district court's order affirming the trial court's judgment, however, the "record proper"[1] fails to demonstrate direct conflict with any appellate decision. We lack jurisdiction to review that order and should not express ourselves on its merits.[2] Although the practical consequence to the parties is the same as the majority's affirmance of the district court, I would deny certiorari on that order.
OVERTON, J., concurs.
NOTES
[1] Foley v. Weaver Drugs, 177 So.2d 221 (Fla. 1965).
[2] Although a grant of certiorari as to one point on appeal normally opens the entire case for appellate review, Marley v. Saunders, 249 So.2d 30 (Fla. 1971), there is no reason to apply that doctrine where a separate order is entered for appellate attorneys' fees.