192 So.2d 340 (1966)
Walter STANCIL, d/b/a River Bend Plumbing, Appellant,
v.
T.D. GARDNER, Appellee.
No. 6974.
District Court of Appeal of Florida. Second District.
November 23, 1966.
*341 Wallace Dunn, Ocala, for appellant.
William F. Edwards, of Bradshaw and Edwards, Inverness, for appellee.
LEAVENGOOD, C. RICHARDS, Associate Judge.
This is a timely appeal from a final order denying appellant's, plaintiff below, motion for summary judgment, dismissing plaintiff's complaint with prejudice and the granting of appellee's, defendant below, ore tenus motion for summary decree.
Plaintiff, Walter Stancil, d/b/a River Bend Plumbing, entered into a contract with Clarence Dowling as a subcontractor wherein the plaintiff was to do a complete rough-in plumbing job in a house being built by the said Clarence Dowling. This house was to be built on certain properties which are described in a complaint filed in this cause, said lands being owned by the defendant, T.D. Gardner. The plaintiff at no time had any type of contact with the defendant and there is no indication that he, in fact, even knew anything about the defendant. All of the plaintiff's dealings were with Clarence Dowling and, therefore, he falls into the category known as "those persons not in privity with the owner."
On or about 9 March 1964, the plaintiff began his subcontract for Clarence Dowling. He continued his subcontract with Mr. Dowling up until the 16th day of April 1964, when he concluded the same.
Complete payments were made to the contractor by the defendant but the contractor failed to pay the plaintiff for the materials furnished by him.
On or about the 25th day of May 1964, after owner had already paid the contractor, the plaintiff executed a Notice to Owner stating that he was proceeding under Florida Statute 84.061, F.S.A., and advising the defendant that he should make his payments under said section. The defendant caused a copy of that to be delivered to T.D. Gardner, P.O. Box 284, Crystal River, Florida.
Plaintiff filed his complaint on 15 June 1964 to foreclose his previously recorded mechanic's lien.
The defendant filed his answer denying the material allegations of plaintiff's complaint.
On or about 27 July 1964, plaintiff moved for summary final decree with supporting affidavits.
At the hearing on plaintiff's summary final decree, the defendant made an ore tenus motion for summary final decree setting forth the opinion that, with the use of plaintiff's affidavit, there could be no *342 question as to defendant's right to a summary final decree.
There appears to have been no objections made by the plaintiff to defendant's above described motion.
There is no dispute that T.D. Gardner, the defendant below, did not record and post on the property a notice of commencement and paid monies to the general contractor without an affidavit as required by Section 84.061(3) (c), par. 1, Florida Statutes, F.S.A. There is also no dispute that plaintiff did not give notice to owner as required by Section 84.061(2) (a) Florida Statutes, F.S.A. This notice to owner under Section 84.061(2) (a) Florida Statutes, F.S.A., "* * * is a prerequisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner."
The fact that the defendant did not comply with the Statute does not relieve the plaintiff from complying with Section 84.061(2) (a). Since it is a prerequisite to give said notice and plaintiff failed to comply, the trial court was correct in dismissing the plaintiff's complaint. Also the fact that the defendant had not complied with filing and posting his notice of commencement should have put the plaintiff on notice and he should have complied with Section 84.061(2) (a) Florida Statutes, F.S.A.
Mermell v. McKinley, Fla.App., 126 So.2d 902, which is a Second District case, holds that a contractor's affidavit to the owner of the land is a prerequisite to the institution of any suit to enforce his lien, is similar to this case in that the Notice to Owner in Section 84.061(2) (a) is a prerequisite to recording and to perfecting a lien under Chapter 84.061 Florida Statutes, F.S.A.
We affirm the final decree.
SHANNON, Acting C.J., and LILES, J., concur.