198 So.2d 109 (1967)
Jean TARLOW, Appellant,
v.
Robert L. HELMHOLTZ d/b/a Modern Living, al Stone Plumbing, Inc., a Florida Corporation, William F. Hammond and William H. Neville, III, Appellees.
No. 7129.
District Court of Appeal of Florida. Second District.
April 19, 1967.
Rehearing Denied May 16, 1967.
*110 Burt Eastman, of Mosley & Donahey, Clearwater, for appellant.
John W. Rowe, of Wightman, Rowe & Ulmer, Clearwater, for appellee Helmholtz.
George B. Blume of the Law Offices of Wilson & Blume, Clearwater, for appellee Al Stone Plumbing, Inc.
William P. O'Malley, Clearwater, for appellee William F. Hammond.
HOBSON, Judge.
Appellant, defendant below, appeals a final decree in favor of appellees which foreclosed appellees' claims of lien under Chapter 84, Florida Statutes, F.S.A., commonly referred to as the Mechanics Lien Law.
Appellee Helmholtz entered into a contract with appellant for the repair and improvement of certain property owned by appellant. Appellees Al Stone Plumbing, Inc., William F. Hammond and William H. Neville, III, were subcontractors with Helmholtz under his prime contract with the appellant. Under the above factual situation appellees Stone, Hammond and Neville were not in privity with the owner-appellant and, therefore, in order to have a valid lien against appellant's property and to be entitled to a final decree of foreclosure of said lien, it is imperative that they complied with § 84.061, Fla. Stat. 1963, F.S.A.
The record-on-appeal conclusively shows that appellees Stone, Hammond and Neville did not serve the notice on the appellant which is required by § 84.061(2) (a), Fla. Stat. 1963, F.S.A. It is appellant's contention that the serving of such notice is a prerequisite to the perfecting of said appellees' claims of lien. Said appellees contend that in view of the fact that the appellant did not record a notice of commencement as required under § 84.131, Fla. Stat. 1963, F.S.A., they are relieved from the requirement of serving the notice as provided under § 84.061(2) (a), Fla. Stat. 1963, F.S.A.
Subsequent to the entry of the learned chancellor's final decree, the above contentions of the respective parties were directly ruled upon in Stancil v. Gardner, Fla.App. 1966, 192 So.2d 340, wherein this court on page 342 held as follows:
"There is no dispute that T.D. Gardner, the defendant below, did not record and post on the property a notice of commencement and paid monies to the general contractor without an affidavit as required by Section 84.061(3) (c), par. 1, Florida Statutes, F.S.A. There is also no dispute that plaintiff did not give notice to owner as required by Section 84.061(2) (a) Florida Statutes, F.S.A. This notice to owner under Section 84.061(2) (a) Florida Statutes, F.S.A., `* * * is a prerequisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner.'
"The fact that the defendant did not comply with the Statute does not relieve the plaintiff from complying with Section 84.061(2) (a). Since it is a prerequisite to give said notice and plaintiff failed to comply, the trial court was correct in dismissing the plaintiff's complaint. Also the fact that the defendant had not complied with filing and posting his notice of commencement should have put the plaintiff on notice and he should have complied with Section 84.061(2) (a) Florida Statutes, F.S.A.
"Mermell v. McKinley, Fla.App., 126 So.2d 902, which is a Second District case, holds that a contractor's affidavit to the owner of the land is a prerequisite to the institution of any suit to enforce this lien, is similar to this case in that the Notice to Owner in Section 84.061(2) (a) is a prerequisite to recording and to *111 perfecting a lien under Chapter 84.061 Florida Statutes, F.S.A." See also Babe's Plumbing, Inc. v. Maier, Fla.App. 1966, 194 So.2d 666.
Appellees Stone, Hammond and Neville, having failed to serve the notice upon appellant as required by § 84.061(2) (a), Fla. Stat. 1963, F.S.A., do not have a valid lien against appellant's property.
The trial court found that the appellees Stone, Hammond and Neville were relieved of serving the notice required by § 84.061 (2) (a), Fla. Stat. 1963, F.S.A., on the basis that the claims of lien filed by each of said appellees contained all of the information required by § 84.061(2) (a), Fla. Stat. 1963, F.S.A., and further for the reason that
"* * * [I]t appears that under the provisions of Section 84.061(3) (c), (4) that if a balance is due the contractor after all lienors serving notice have been paid in full, that any lienors failing to serve notice may be paid from any balance remaining in the hands of the owner. The balance remaining in the hands of the owner is more than sufficient to pay the claims of the three lienors herein listed, there being no other persons obtaining priority (other than the three lienors) by reason of Chapter 84.061."
We hold that since the serving of the notice on the owner as provided by § 84.061(2) (a), Fla. Stat. 1963, F.S.A., is "a prerequisite to perfecting a lien under this chapter and recording a claim of lien," the chancellor erred in holding that the filing of the claims of lien dispensed with the requirement of the service of said notice. Section 84.061(3) (c), (4), Fla. Stat. 1965, F.S.A., which the chancellor held to be applicable in the instant case and of assistance to the appellees Stone, Hammond and Neville was enacted by the legislature by way of amendment which became effective July 1, 1965. The rights of the respective parties in the case sub judice are determined under the Mechanics Lien Law of 1963. Therefore, § 84.061(3) (c), (4), Fla. Stat. 1965, F.S.A., is not controlling herein.
The appellant also attacks the correctness of the final decree in foreclosing the claim of lien of the general or prime contractor, appellee Helmholtz. We have carefully considered the briefs and record-on-appeal and hold that the record discloses competent and substantial evidence to support the final decree as to appellee Helmholtz.
The final decree appealed is affirmed in part and reversed in part and the cause remanded for further proceedings consistent with this opinion.
LILES, Acting C.J., and PIERCE, J., concur.