PER CURIAM.
This is an appeal from a summary final decree in favor of the plaintiff below, Crane Co. The material facts are not in dispute. The individual defendants, Martin Fine, J. I. Kislak and R. W. Johnson, are members of a partnership doing business as Park Towers Associates, Ltd. The partnership entered into a contract with a general contractor, Arkin Building Corp., a co-defendant, for construction of an apartment building located in Dade County. Construction financing was obtained through defendant, First National Bank of Miami, and defendant, Travelers Indemnity Company, acted as surety upon the performance bond.
Arkin Building Corp. subcontracted certain work to Murray’s Plumbing and Heating Company, who was not a party to this suit. Murray’s in turn ordered materials from Crane Co., the plaintiff. These materials were manufactured by Crane Co. and shipped to the construction site on September 13, 1965. However, Crane Co. did not serve notice upon the owner as it was required to do under § 84.061(2) (a), Fla.Stat., F.S.A. The materials were accepted by Murray’s and incorporated into the building. Subsequently, Murray’s abandoned the contract with Arkin, and the general contractor took over completion of that portion of the construction. On December 2, 1965, Crane Co. notified the owners, Park Towers Associates, that it had furnished materials in the amount of $4,428.00. A claim of lien was recorded by Crane Co. on May 11, 1966, and on May 25, 1966, Crane Co. filed its complaint seeking to foreclose a mechanic’s lien. In the alternative, plaintiff prayed for creation of an equitable lien, for right of recovery under the surety bond, or for judgment against the individual defendants. As mentioned above, Murray’s was not made a party to this suit. It appears that the reason Murray’s abandoned the contract is that the company is now insolvent, although there is still a portion of the subcontract price due to the company by virtue of work not paid for under a percentage hold-back clause in the construction loan agreement. Plaintiff’s motion for summary judgment was granted, whereupon defendants appeal. We find error and reverse.
The plaintiff sought to recover below upon four separate and distinct theories of action. By the first of these, plaintiff has attempted to establish a mechanic’s lien as provided for by statute. However, § 84.061(2) (a), Fla.Stat., F.S.A., then in effect, provides:
“All lienors under this section, except laborers, as a prerequisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner setting forth the lienor’s name and address, a description sufficient for identification of the real property, and the nature of the services or materials furnished or to be furnished. This notice must be served before commencing or not later than forty-five days from commencing to furnish his services or materials but in any event before the date of furnishing the affidavit under subsection (3) (d) 1., of this section, or abandonment, whichever shall occur first. The serving of this notice shall not dispense with recording the claim of lien. This notice shall not be deemed to constitute a lien, cloud or encumbrance on said real property nor actual nor constructive notice of any of the same.”
It is clear from a reading of the above quoted section and of the cases construing it that compliance with the notice provision is an absolute prerequisite to the creation of a statutory lien; and, it is equally clear *221 that dereliction of statutory duty on the part of the owner does not cure the defect of failure to give notice under § 84.061(2) (a), supra. Tarlow v. Helmholtz, Fla.App.1967, 198 So.2d 109; Babe’s Plumbing, Inc. v. Maier, Fla.App.1966, 194 So.2d 666; Stancil v. Gardner, Fla.App.1966, 192 So.2d 340.
The foregoing notwithstanding, ap-pellee claims the assistance of § 84.061(3) (c)4., Fla.Stat., F.S.A. in maintaining his position. § 84.061(3) (c)4., supra, reads as follows.
“No person furnishing labor or material or both who is required to serve a notice under subsection (2) (a) of this section and who did not serve such notice and whose time for such service has expired shall be paid because he is listed in an affidavit furnished by the contractor under this subsection until all the lienors giving notice and lienors listed in such affidavit whose time for serving such notice has not expired have been paid in full. If there is a balance due the contractor after all of said lienors have been paid in full, any of said persons who failed to serve timely notice shall be paid in full or pro rata according to the amounts of their claims to the extent of such balance due the contractor ; provided, this shall not be construed to permit any claim or demand whatsoever by said persons failing to serve timely notice against the owner.”
We are of the opinion that the appellee may not avail himself of this section to establish a claim in view of the final clause above quoted. Therefore, appellee can not recover under a statutory lien theory.
Alternatively, appellee has attempted to make out a case for recovery under an “equitable lien” theory of action. To establish this theory, appellee argues that since the materials furnished were incorporated into the building to the benefit of the owners and with their knowledge and consent, then equity demands that the person or thing benefited be held to account for the cost of providing the improvement. This salutary principle has no application in the instant case, however. Plaintiff, who has failed by its own neglect to perfect its statutory rights, may nevertheless seek redress through other available legal remedies. The additional contingency that in such a situation the owner may be forced to pay twice for the same improvement forecloses the possibility that equity will aid the appellee here.
By its third theory of action, appellee claims the ability to recover against the surety bond. But, again, plaintiff’s failure to provide the requisite notice under 84.-061(2) (a), supra, fatally dooms any chance of success in view of § 84.231, Fla. Stat., F.S.A., the pertinent portion of which provides:
“* * * Except claimants in privity with the contractor and except laborers, no claimant shall recover on a bond or from the contractor unless he shall have complied with the provisions of § 84.-061(2).”
Finally, appellee theorizes that it is entitled to judgment against each of the partner-owners personally. Upon examination of the record on appeal, we are unable to find any allegation of the existence of privity of contract between plaintiff and owners, and having above ruled against recovery upon an equitable lien or quasi-contract theory, we therefore conclude that the appellee is precluded from recovery upon this course of action as well. As there appears from the record here before us no posture of the dase upon which ap-pellee is entitled to recover, the summary final judgment appealed must be reversed.
Reversed.