OWEN, Judge.
This case involves the validity of an alleged mechanics’ lien. Appellant, Bard Manufacturing Co., was an air-conditioning subcontractor. Charles Dreisen and others were owners. The litigation was intiated when a materialman sought to foreclose his lien, naming as defendants the appellant and the owners, among others. Appellant then filed a cross-claim against the owners seeking to foreclose its alleged lien. The cross-claim showed on its face that appellant was not in privity with the owners. A copy of its claim of lien attached to the cross-complaint showed that appellant commenced furnishing the first materials on September 21, 1966, furnished the last of the materials on December 8, 1966, and served its notice to owners on January 16, 1967. This latter date was 117 days after the first furnishing of materials. The court granted the owners’ motion to dismiss the cross-claim on the grounds that the same did not allege that notice to owners was furnished as required by F.S.1965, Section 84.061(2) (a), F.S.A.,[1] and upon appellant’s inability to cure this defect by amendment, the court thereupon *15 entered final judgment against appellant insofar as any claim for lien under the provisions of Chapter 84 of Florida Statutes, 1965, F.S.A.
The question presented by appellant is whether the proper construction of F.S. 1965, Section 84.061 (2) (a), F.S.A., places a maximum period of 45 days on the time within which the lienor may give notice to the owner in order to perfect a lien. Ap-pellee who sought attorney’s fees under F.S.1965, Section 84.291, F.S.A., raises on cross-assignment the question of whether the trial court properly. denied the motion for attorney’s fees without prejudice to reconsider the same.at the time of final hearing.
In three recent cases decided by the Second District Court of Appeal[2], that court has held that a subcontractor, not in privity with the owner, had to serve a notice on the owner in compliance with F.S.1965, Section 84.061(2) (a), F.S.A., as a prerequisite to perfecting a lien under F.S.1965, Chapter 84, F.S.A.
Appellant contends that each of these cases can be readily distinguished, viz.: In Stancil the subcontractor gave notice to the owner after the owner had paid the contractor; in Tarlow the subcontractor failed to give the owner any notice at all; and in Babe’s Plumbing the subcontractor not only failed to give the owner any notice but the prime contractor abandoned the contract.
Appellant’s position is that a proper construction of F.S.1965, Section 84.061(2) (a), F.S.A., provides three different periods within which to serve the notice under such section, viz.: (1) Before commencing to furnish services or materials; (2) not later than 45 days from commencing to furnish services or materials; and (3) any time before the furnishing of the [contractor’s] affidavit under F.S.1965, Section 84.061(3) (d)(1), F.S.A., or abandonment, whichever shall first occur. Appellant, first conceding that furnishing the [contractor’s] affidavit or abandonment of the project occurring prior to the expiration of the 45-day period would ipso facto reduce the time within which service of such notice would be timely, then argues that in like manner, so long as the [contractor’s] affidavit is not furnished or the contract is not abandoned, the subcontractor not in privity with the owner may still give timely notice to the owner even after the expiration of the 45-day period.
In passing, we note that while appellant submits this argument as a reason why its cross-claim should not have been dismissed, the “non-occurrence” of either the furnishing of the [contractor’s] affidavit or of abandonment of the contract are neither alleged in the cross-claim nor appear in the stipulated facts. This failure alone would bring it squarely within the rule announced in Brown v. First Federal Savings & Loan Association of New Smyrna, Fla.App.1964, 160 So.2d 556, at page 561 wherein the court stated:
“ * * * it is elemental that when the sufficiency of a complaint seeking foreclosure of a mechanics’ lien is tested by a motion to dismiss for failure to state a cause of action, dismissal is proper unless the complaint shows that the sworn statement was furnished or alleges facts clearly avoiding the necessity to furnish it * *
Nonetheless, we believe that the question as presented on appeal should be met head on, as we, feel that under the stipulated facts, amending the cross-claim to show these so-called “non-occurrences” would be of no avail to the appellant.
A somewhat identical question was before the Supreme Court of Florida in the case of Sheffield-Briggs Steel Products, *16 Inc. v. Ace Concrete Service Co., Inc., Fla. 1953, 63 So.2d 924, involving the construction of Section 84.04(1) (a), F.S.1951, reading as follows:
“84.04 Notice to owners by lienors and by statement under oath given by contractor.—
“(l)(a) Excepting a person contracting directly with the owner and excepting a laborer by whomever employed, any lienor, or any prospective lienor may, before beginning, or within thirty days after beginning but not later than the day of completing his labor or services or his furnishing of ’ materials, give to the owner a written notice of intention to claim a lien, hereinafter called a 'notice’.”
In the Sheffield-Briggs case the lienor took the position [similar to the appellant in this case] that a reasonable construction of the statute provided three different periods within which to serve notice, viz: (1) Ten days (sic) prior to beginning; (2) within 30 days after beginning, and (3) any time prior to completion. The court rejected this position and stated, at page 925:
“ * * * The statute is quite clear that the words ‘but not later than the day of completing his labor or services’ are limited by the preceding words ‘within thirty days after beginning’. In other words, we construe the statute to mean that the notice must be given (1) before commencing work or—if the work extends over a period of more than thirty days— within said thirty day period, if less than thirty days, before completion. Any cautionary notice given after the expiration of thirty days after commencing work would not be a compliance with Section 84.04.”
We feel that the construction which the Supreme Court of Florida placed on Section 84.04, F.S.1951, in the Sheffield-Briggs case is the construction which we should place on F.S.1965, Section 84.061(2) (a), F.S.A. in the instant case. The words “but in any event before the date of furnishing the affidavit under subsection (3) (d)(1)., of this section, or abandonment, whichever shall occur first” are limited by the preceding words “not later than forty-five days from commencing to furnish his services or materials.” We hold that the proper construction to be placed on the statute is that the notice must be given (1) before commencing to furnish services or materials, or (2) after commencing to furnish services or materials but before the date of (a) furnishing of the [contractor’s] affidavit, or (b) abandonment, or (c) the expiration of 45 days, whichever should first occur. Under this construction of the statute, while the time limitation could be less than 45 days, in no event would it be extended beyond 45 days and any notice given beyond that time would not be timely.
Since it appeared from the claim of lien attached to and made a part of appellant’s cross-claim that the appellant gave notice to the appellee-owner more than 45 days after commencing to furnish services or materials, and since any amendment appellant might seek to make could not cure this defect, the court was imminently correct in entering final judgment against appellant insofar as it relates to any claim for lien under the provisions of F.S. 1965, Chapter 84, F.S.A.
The order of the trial court denying without prejudice appellee’s motion for allowance of attorney’s fees and reserving to the court the right to reconsider the motion at the time of final hearing in the cause, was within the broad discretion of the trial court and it not having been made to appear that there was any abuse of discretion, his ruling thereon will not be disturbed.
The final judgment from which the appeal has been taken, and the order cross-assigned by appellee, are severally affirmed.
CROSS, J., and ANDERSON, ALLEN, Associate Judge, concur.

. Transferred and renumbered by Chapter 67-254 as F.S.1967, Section 713.06(2) (a), F.S.A. This section reads as follows :
“All lienors under this section, except laborers, as a prerequisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner setting forth the lienor’s name and address, a description sufficient for identification of the real property, and the nature of the services or materials furnished or to be furnished. This notice must be served before commencing or not later than forty-five days from commencing to furnish his services or materials but in any event before the date of furnishing the affidavit under subsection (3) (d) 1., of this section, or abandonment, whichever shall occur first. The serving of this notice shall not dispense with recording the claim of lien. This notice shall not be deemed to constitute a lien, cloud or encumbrance on said real property nor actual nor constructive notice of any of the same.”

. Stancil v. Gardner, Ma.App.1966, 192 So.2d 340; Babe’s Plumbing, Inc. v. Maier, Fla.App.1966, 194 So.2d 666; and Tarlow v. Helmholtz, Fla.App.1967, 198 So.2d 109.