OWEN, Judge.
Westinghouse furnished materials to an electrical subcontractor who incorporated such materials into improvements on appellant’s property. Westinghouse served the notice to owner required by Section 84.061 (2) (a), F.S.1965, F.S.A., 53 days after the first delivery of materials to the appellant owner’s construction site. When Westinghouse brought suit against the owner alleging a lien under Chapter 84, F.S.1965, appellant sought a summary judgment on the grounds that Westinghouse had not given timely notice to the owner as required under Section 84.061(2) (a), F.S. 1965, F.S.A. Finding that the owner received the notice prior to making any payments and prior to the contractor furnishing the affidavit required for final payment, and that the owner had not been prejudiced in any manner by failure of Westinghouse to serve the notice to owner from the date of first delivery of materials, the court denied the owner’s motion for summary judgment. Subsequently, the court entered summary judgment in favor of Westinghouse for the amount claimed by it.
The sole issue for determination upon this appeal is whether the failure of Westinghouse to serve the notice to owenr within 45 days from the first delivery of materials invalidates and terminates any lien which Westinghouse otherwise might have had under Chapter 84, F.S.1965.
In Bard Manufacturing Co. v. Albert & Jamerson Building Supply Corp., Fla.App.1968, 212 So.2d 13, we held that the proper construction to be placed upon Section 84.061(2) (a), F.S.1965, F.S.A., required that the notice to owner be given not later than 45 days from the commencing to furnish materials, otherwise such a notice was not timely. The statute expressly provides that the giving of notice in compliance with the statute is a prerequisite to perfecting a lien under Chapter 84, F.S.1965. See Fine v. Crane, Fla.App.1968, 211 So.2d 219; Stancil v. Gardner, Fla.App.1966, 192 So.2d 340; Babe’s Plumbing, Inc. v. Maier, Fla.App.1966, 194 So.2d 666; and Tarlow v. Helmholtz, Fla.App.1967, 198 So.2d 109.
Appellee suggested on oral argument before this court that should we reverse *385 the summary judgment in favor of ap-pellee, on remand the cause should be permitted to continue on the theory of a claim for an equitable lien against the owner. Our decision in Bard and the decision of the Third District Court of Appeal in Fine requires, on the undisputed facts, entry of judgment in favor of the appellant owner.
The summary judgment in favor of appellee is reversed and this cause remanded with instructions to enter final judgment in favor of appellant.
Reversed and remanded.
CROSS and REED, JJ., concur.