RAWLS, Judge.
Plaintiff Trowbridge, Inc., a subcontractor, appealed from an adverse final judgment in a mechanic’s lien case.
In March 1964 Trowbridge, Inc. had an agreement with the general contractor, Florida Pools, Inc., to gunite a pool it was constructing on the Hathaways’ property in New Smyrna Beach, Florida. Trow-bridge was not paid for the work it performed and brought this action against the owners to enforce its mechanic’s lien. The lower court entered judgment for the owners on the ground that the plaintiff failed to comply with Section 84.061(2), Florida Statutes 1963, F.S.A., in that the mailing of the required notice by registered mail to the owner on the 45th day after commencing work but receipt thereof by the owner on the 46th day did not comply with the statute.
Section 84.061(2) (a), Florida Statutes 1963, F.S.A., reads:
“All lienors * * * as a prerequisite to perfecting a lien * * * shall be required to serve a notice on the owner * * * not later than forty-five days from commencing to furnish his services or materials but in any event before the date of furnishing the affidavit under subsection (3) (d) 1., of this section, * * * ” [That is the contractor’s affidavit of payment to all lienors.]
Section 84.181(1) (c), Florida Statutes 1963, F.S.A., reads:
“(1) Service of notices,. * * * required hereunder, * * * shall be made by one of the following methods:
******
“(c) By mailing the same, postage prepaid, by registered or certified mail to the person to be served at his last known address, and receipt of the same by such person * *
The purpose of the notice to the owner served by one not in privity with the owner is to impound money that would otherwise be paid to the contractor. Richard Store Company v. Florida Bridge & Iron, Inc., 77 So.2d 632 (Fla.1954). Under the 1963 statute the notice to the owner has been held to be an absolute prerequisite to the creation of a statutory lien. Tarlow v. Helmholtz, 198 So.2d 109 (Fla. App.2d 1967). Since it is the first step to be taken in perfecting the lien, we do not find any error on the part of the trial court in construing the statute to require receipt of the notice within the 45-day period.
Affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.