PER CURIAM.
Because of an apparent conflict of decisions we issued a writ of certiorari to review the decision of .the District Court of Appeal in Trowbridge, Inc. v. Hathaway, 226 So.2d 35 (1st Dist.Ct.App.Fla.1969). After hearing oral argument and consideration of the record and briefs we find that the writ was improvidently issued and should be discharged. However, compare Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969), where the record revealed that despite late service of the statutory forty-five day notice, Fla.Stat. § 84.061(2) (a) (1963), F.S.A., the owner still retained funds due the general contractor. The sub-contractor was allowed a lien against such undis-bursed funds. In the instant case there was no showing that such an undisbursed surplus existed. Hence, the lien claimant has not supported his claim with any showing that undisbursed funds were available to satisfy a claim of lien which had not been perfected under the cited statute. See also Stancil v. Gardner, 192 So.2d 340 (2d Dist.Ct.App.Fla. 1966).
The writ is discharged.
It is so ordered.
ERVIN, C. J., and ROBERTS, THOR-NAL, CARLTON and BOYD, JJ„ concur.