275 So.2d 570 (1973)
W.W. GAY MECHANICAL CONTRACTORS, INC., Appellant,
v.
B.J. CASE, a General Partner, et al., Appellees.
No. Q-460.
District Court of Appeal of Florida, First District.
April 3, 1973.
S. Gordon Blalock, of Blalock, Holbrook, Lewis, Paul & Bennett, Jacksonville, for appellant.
Lonnie Wurn, and Frederick H. Lenczyk, Jacksonville, for appellees.
RAWLS, Acting Chief Judge.
The subject matter of this controversy is a claim by subcontractor, W.W. Gay Mechanical Contractors, Inc., for a mechanic's lien pursuant to Chapter 713, Florida Statutes, F.S.A.
G.H.C. Properties, Ltd., a limited partnership, entered into an agreement to construct a store building and lease same to Food Fair, Inc. The lease contained a provision wherein G.H.C., the landlord covenanted with Food Fair that the storage boxes, electrical installation, sprinklers, plumbing, sewage systems, air conditioning, etc., installed on the premises would be in good working order at the commencement of the term. By mutual agreement, the parties modified the foregoing provision in that Food Fair agreed to and did install all refrigeration equipment and other mechanical installations. Food Fair hired Evans Heating and Air Conditioning Company to install the refrigeration equipment including freon lines, cooling coils, and remote unit (compressors) on the second floor. Evans Heating and Air Conditioning Co. employed Gay as a subcontractor to install the refrigerated display cases, compressors, condensers, and the piping connecting same. Food Fair paid its contractor, Evans Heating and Air Conditioning Co., for the refrigeration installation. Evans did not pay its subcontractor, Gay. A claim of lien was filed by Gay seeking to recover from Food Fair and G.H.C. The trial *571 judge entered a summary judgment in favor of G.H.C. and Food Fair; hence this appeal by Gay.
The primary point posed by Gay on appeal is that the trial judge erred in holding that Gay was not entitled to a lien on the freehold and leasehold of the appellees.
The principal argument advanced by Gay is conceding that Food Fair, Inc., paid its contractor, Evans Heating and Air Conditioning Co., for work performed by Gay, the sums so disbursed were not properly paid out, pursuant to applicable provisions[1] of the mechanic's lien law; thus it follows that these sums should be available to satisfy Gay's claim. Further, even if such disbursements were "properly paid" it was incumbent upon Food Fair to retain 10 per cent (10%) of the contract price or the "larger" of the last payment due.[2] Gay concedes that he did not give the 45-day notice called for by F.S. 713.06(2)(a), F.S.A., but contends that such time is not important since no sums were "properly" paid by the owner.
In construing the 45-day notice statutory provision, this court held in Trowbridge, Inc. v. Hathaway, 226 So.2d 35 (1 Fla. App. 1969), that the "purpose of the notice to the owner served by one not in privity with the owner is to impound money that would otherwise be paid to the contractor." Gay was not in privity with Food Fair; obviously, it was looking to Evans for payment, for it did not timely avail unto itself the benefits of the 45-day statute. Gay had the opportunity to timely place Food Fair upon notice and to impound those sums due to Evans; this Gay did not do and it is not now at liberty to call upon Food Fair to pay twice for the refrigeration installation.
The Supreme Court in discharging certiorari in Trowbridge[3] observed that in Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969), "... the record revealed that despite late service of the statutory forty five day notice, ... the owner still retained funds due the general contractor." Such fact is not present here, for undisputedly there are no funds remaining in the hands of Food Fair, it having already paid Evans in full for all services performed. We decline to establish a fictitious fund as urged by Gay.
The judgment appealed is affirmed.
JOHNSON, J., and NESBITT, Associate Judge, concur.
NOTES
[1] F.S. 713.13, F.S.A.
[2] F.S. 713.06(3) (d) (5), F.S.A.
[3] Trowbridge, Inc. v. Hathaway, 233 So.2d 129 (Fla. 1970).