291 So.2d 49 (1974)
CONTINENTAL HOME PARKS, INC., a Foreign Corporation, Appellant,
v.
GOLDEN TRIANGLE ASPHALT PAVING CO., a Florida Corporation, et al., Appellees.
No. 73-38.
District Court of Appeal of Florida, Second District.
February 8, 1974.
Rehearing Denied March 26, 1974.
*50 Preston O. Cockey, Jr. of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellant.
William E. Allison, St. Petersburg, for appellee Golden Triangle.
McNULTY, Judge.
Appellee (Golden Triangle hereinafter), a subcontractor not in privity with the owner, sued to foreclose a mechanics' lien for work performed in a mobile home park owned by appellant. Appellant, Continental Home Parks, Inc. (Continental hereinafter), now appeals from an adverse judgment. We reverse.
The only issues at trial were: First, whether Golden Triangle properly served a "Notice to Owner" on Continental as required by F.S. § 713.18, F.S.A. 1971; and second, whether Continental's failure to file a "Notice of Commencement" as required by F.S. § 713.13, F.S.A. 1971, rendered all payments "improper" or only those proved to have been detrimental to Golden Triangle. On the first point, the trial court found that there was "actual delivery" of Notice to Owner as required. Our disagreement with the trial court on this point renders unnecessary any comment on its ruling on the second point.
*51 Section 713.18, supra, provides that service of all notices required under the mechanics' lien law shall be made by one of four methods:
(a) By serving in the manner provided by law for the service of process.
(b) By actual delivery to the person to be served; or, if a partnership, to one of the partners; or, if a corporation, to an officer, director, managing agent or business agent thereof.

(c) By mailing the same, postage prepaid, by registered or certified mail to the person to be served at his last known address and evidence of delivery.
(d) If none of the foregoing can be accomplished by posting on the premises. (Italics ours.)
Golden Triangle obviously chose the method prescribed in paragraph (b). The undisputed evidence relating to service under this subsection may be summarized as follows: Mr. Yancey, president of Golden Triangle, testified that prior to attempting such service he called the mobile home park to find out who the "manager" was. Thereafter, he personally sought to deliver the Notice on the park manager. However, he said, "When I went to his office, the manager was on the phone. I could see him through the glass door, and I handed it to a lady in the office." He was unable to specifically testify whether he told "the lady" to whom he allegedly delivered the Notice to Owner what he was, in fact, delivering. He did not obtain a receipt from anyone at the time of the alleged delivery. On cross-examination he could not recall the manager's name, although he reiterated that he did call to ask who this person was. His counsel suggested that he examine the Notice to Owner, upon which appears the name "Mr. Platt"; whereupon, Mr. Yancey testified that the name "Mr. Platt" refreshed his memory as to that person. On further cross, Mr. Yancey was asked: "Is it now your testimony that when you called Continental Mobile Home Park or Pointe West Mobile Home Park, you were told that Mr. Platt was the manager and that he was there?" He answered, "That is correct, absolutely correct ... [t]here is no doubt in my mind."
But Mrs. Marjorie Howe, the "lady" in the office aforesaid, testified that on December 2, 1971, a Mr. Clayton Smith, not Mr. Platt, was manager of the mobile home park and that his office was behind the reception area where she sat. Mr. Platt, she said, was the president of Continental, and he lives in Chicago. She further testified that she was employed by Continental Home Parks, Inc. at the office of the park involved herein and stated "I guess it's a one girl office. I am receptionist, I answer the phone, I do a little bit of bookkeeping." She could not recall having seen or talked to Mr. Yancey on December 2, 1971, and did not recognize ever having seen the Notice to Owner. Moreover, upon review of her files, she found no indication that any Notice to Owner had been received at the park and transmitted to Mr. Platt in Chicago.
A Mr. Clayton W. Smith testified that he was the manager of the park on December 2, 1971. When shown the Notice to Owner Mr. Smith did not recall having seen it on December 2, 1971 or at any other time. He testified that he was on the premises if not in his office on December 2, 1971, and that there was no one else working there who could have been designated or referred to as "manager."
On this evidence, the trial judge concluded that there was "good and valid service under Chapter 713 of the Florida Statutes." We disagree. In our view no version of the foregoing evidence supports a finding of sufficient compliance with § *52 713.18(1)(b), supra. While there is some conflicting testimony concerning whether the required Notice to Owner was ever actually delivered to someone employed by appellant, there is no conflict whatsoever that there was no "actual delivery" to one of the proper corporate officials expressly mentioned in the statute. A "girl Friday" acting in the capacity of and to the extent testified to by Mrs. Howe in this case is not a "managing agent" or "business agent" within the contemplation of the statute. Such terms connote one who acts as a representative of the corporation and who officially speaks for it in its local business affairs. He would be an official as distinguished from a mere employee.
Now we would agree that the mechanics' lien law should be liberally construed to accomplish its purpose, i.e., the protection of laborers and materialmen. But we hold nevertheless that entitlement to such protection is conditioned upon strict compliance with the statute by one who would seek to avail himself thereof.[1] Here, Golden Triangle was derelict in the premises. Accordingly, it did not perfect a valid mechanics' lien against the property in question and now must fall back on its remedies at law.[2]
Having so concluded, we reiterate that it is unnecessary for us to determine whether the trial court erred in deciding the second issue herein adversely to appellant. As noted, the mechanics' lien law is now out of the picture and the action is simply one at law.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
MANN, C.J., and HOBSON, J., concur.
NOTES
[1] See Trowbridge, Inc. v. Hathaway (Fla. App.1st, 1969) 226 So.2d 35.
[2] See Tarlow v. Helmholtz (Fla.App.2d, 1967) 198 So.2d 109; also cf. Crane Co. v. Fine (Fla. 1969) 221 So.2d 145.