SCHULZ, GEORGE E., Associate Judge.
This suit involves the Mechanic’s Lien Law. The appellant is the owner of the property who contracted to have a building erected on said property, by a person not a party to this litigation who will be referred to as the contractor. The appellee was a supplier of certain materials to the job between June 7 and June 13, 1974. Appellee was not paid by contractor. Therefore it filed a claim of lien on September 5, 1974 against appellant’s property for $6,415.00, which was within the ninety day period as required under Florida Statute § 713.08(5). On the same date, appellee, for the first time mailed its notice to owner regarding the claim, but this notice was not mailed or delivered within the forty-five days from the first date of furnishing materials as required by Florida Statute § 713.06(2)(a). Complying with this statute must be strictly adhered to before a lien is perfected.
In the meantime appellant paid all sums due under the contract, namely, about July *685 22, 1974, except for some extras amounting to $1,164.46. The contractor thereafter left town, without giving appellant a final páyment affidavit as required in F.S. § 713.-06(3)(d)(l). After appellant received appel-lee’s notice to owner (9-6-74) he paid appel-lee the $1,164.46 he had remaining, and filed suit to cancel appellee’s lien, and ap-pellee in turn counterclaimed for foreclosure of his lien. Subsequently both parties moved the trial court for summary judgment.
The court below found the appellant was not entitled to the relief sought in his complaint to vacate and cancel of record the claim of lien filed by appellee, but did find that the appellee was entitled to the relief sought in its counterclaim for foreclosure of lien, and so ordered.
Apparently the learned trial judge reasoned that the failure of the appellant to require his contractor to furnish a final payment affidavit and to retain the last payment due under his contract or 10% of the contract price, whichever was larger, pending receipt of such affidavit as required by F.S. § 713.06(3)(d)(l), was sufficient to perfect appellee’s lien even though its notice to owner was not timely mailed or delivered as required by F.S. § 713.06(2)(a), provided appellee had complied with the ninety day requirement of F.S. § 713.08, supra.
We agree the issue to be decided is where the owner fails to comply with the Statute 713.06, does this preserve the subcontractor’s lien even though it failed to comply with the provisions of the Mechanic’s Lien Law, Chapter 713, F.S.? We think not. This law is explicit that a notice to owner must be served before commencing or not later than forty-five days from commencing to furnishing its materials. This is an absolute prerequisite to perfecting a lien.
It has been stated over and over again by our Appellate Courts of Florida that the Mechanic’s Lien Law is in derogation of the Common Law. So that tells us the law must be strictly construed and complied with in every detail.
“The acquisition of a mechanic’s lien is purely statutory. The courts have uniformly held that to acquire such a lien, the Mechanic’s Lien Law must be strictly complied with.” Sheffield-Briggs Steel Prod. v. Ace Concrete Serv. Co., Fla.1953, 63 So.2d 924; Trushin v. Brown, 132 So.2d 357 (3d DCA Fla.1961). We have considered Crane Co. v. Fine, 221 So.2d 145 (Fla.1969); Daly Aluminum Products, Inc. v. Stockslager, 244 So.2d 528 (2nd DCA Fla.1971); Bard Mfg. Co. v. Albert & Jamerson Bldg. Supply Corp., 212 So.2d 13 (4th DCA Fla.1968); W. W. Gay Mechanical Contractors, Inc. v. Case, 275 So.2d 570 (1st DCA Fla.1973); Babe's Plumbing, Inc. v. Maier, 194 So.2d 666 (2nd DCA Fla.1967); and Continental H. Pks., Inc., v. Golden Triangle A. Pav. Co., 291 So.2d 49 (2nd DCA Fla.1974).
In effect they all stand for the same proposition that strict compliance with the Mechanic’s Lien statute is an indispensable prerequisite to seeking affirmative relief thereunder.
We conclude that the chancellor was in error in holding that appellee/subcontractor’s failure to comply with the explicit provision of the statute, viz.: § 713.06(2)(a) (notice to owner) was excusable and did not preclude its perfecting a lien altogether. We hold that the appellee must rely on the correctness of its own position, not the failure or weakness of the appellant.
Therefore, we reverse the summary final judgment, and the cause is remanded for further proceedings not inconsistent herewith.
WALDEN and DOWNEY, JJ., concur.