347 So.2d 822 (1977)
CONTINENTAL CASUALTY COMPANY and Saul J. Morgan Enterprises, Inc., Appellants,
v.
ASSOCIATED PLASTICS, INC., et al., Appellees.
Nos. 76-520, 76-566.
District Court of Appeal of Florida, Third District.
July 6, 1977.
Frates, Floyd, Pearson, Stewart, Richman & Greer and Gerald F. Richman, Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellants.
Cohen & Angel and Stanley D. Angel, North Miami, for appellees.
*823 Before BARKDULL, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Defendant, Saul J. Morgan Enterprises, Inc., appeals an amended final judgment directing it to pay $34,021.61 plus interest, costs and attorney's fees to the plaintiff, Associated Plastics, Inc., a paint supplier, in this action to foreclose a mechanic's lien.
Saul J. Morgan Enterprises, Inc., the owner of certain real property, designated Morgan Properties, Inc. as the general contractor to construct a condominium project known as Century 21  Comodore Plaza. On April 27, 1970 Morgan Properties contracted with Klein Painting Corporation to paint the structures. Between April 6, 1970 and November 11, 1971 Associated Plastics, Inc. furnished the paint and paint supplies used on the project to Klein Painting. On June 18, 1970, shortly after Associated commenced supplying Klein, Associated filed a notice to owner (Saul J. Morgan Enterprises) pursuant to Section 713.06, Florida Statutes (1969); however, the notice contained the address and legal description of the property adjoining that of Morgan Enterprises. No paint or material was supplied by Associated with respect to this adjacent property (the Ives Tract), owned by Norman Cohen and improved with a model sales building and offices. Upon receipt of the notice to owner, the president of Morgan Enterprises had it placed in a separate Ives Tract file in accordance with the legal description contained therein.
It is undisputed that Associated had full knowledge that Klein did not have sufficient cash reserves and financial backing to carry a project of this size; but, nevertheless, agreed to extend Klein credit, and on October 5, 1970 Associated falsely executed a sworn partial waiver of lien indicating to Saul Morgan Enterprises that it had received a payment of $10,000 from Klein.
As a result of financial and other difficulties, Saul Morgan Enterprises on October 21, 1971 conveyed the subject property and project to Norman Cohen,[1] who, upon completion of the contract, paid Klein the remaining balance due. Payments to Klein were made upon the reliance of false affidavits filed by Klein representing payment in full of all materials, labor and services. On February 3, 1972 Associated filed a claim of lien in the amount of $34,296.92 due containing the address and legal description of the Ives Tract, and on March 9 forwarded a final contractor's affidavit. Cohen refused to pay the $34,296.92 and Associated filed the instant suit to foreclose its lien against Saul Morgan Enterprises, Norman Cohen and Klein Painting Company. Morgan Enterprises and Norman Cohen secured a $40,570.38 bond from Continental Casualty Company, as surety, and had the lien transferred to this surety bond pursuant to Section 713.24, Florida Statutes (1971). Morgan Enterprises and Cohen answered and filed a cross-claim against Klein Painting for indemnity in the event a judgment should be entered against them on the ground Klein had been paid in full for paint and supplies furnished by Associated. Cohen, pursuant to stipulation of the parties, was dismissed as a party defendant. The cause was tried non-jury and after trial, the judge entered final judgment against Saul Morgan Enterprises in favor of Associated in the total sum of $49,603.97 including principal, interest, costs and attorney's fees. The judgment further directed that in the event Saul Morgan Enterprises failed to pay the above, Associated would recover $40,570.38 from Norman Cohen and Continental Casualty, as surety, on the bond. The judgment was based upon the following pertinent findings:
"11. The serving of the Notice to OWNER, the filing of the Claim of Lien, the notification to OWNER of the filing of the Claim of Lien and the preparation and forwarding of the Final Contractor's Affidavit all were performed or accomplished in accordance with the procedure and within the time periods set forth in the various appropriate sections of Chapter 713 of the Florida Statutes. If there were any omissions, inaccuracies or oversights *824 contained within or relating to the preparation or service of any of these documents, they were of such a non-material nature as not to be prejudicial to any of the Defendants in the exercise, preservation or protection of any of their substantive rights.
* * * * * *
"B. The equities of this cause are with ASSOCIATED and ASSOCIATED has sustained its requisite burden of proof.
"C. The Defendants, OWNER and NORMAN COHEN, individually and as principals, and Continental Casualty Company, as Surety, did, after the commencement of this action, file a bond in this cause pursuant to the authority of F.S. 713.24, wherein the lien of the Mechanics' Lien filed in this cause by ASSOCIATED was transferred to bond. NORMAN COHEN has been dismissed from this cause as a Defendant. However, this bond is a valid and subsisting bond and is in the present amount of $40,570.38.
"D. OWNER has not sustained the requisite burden of proof on any of the Affirmative Defenses raised by it against the claim of ASSOCIATED."
Saul Morgan Enterprises, Norman Cohen and Continental Casualty Company appeal. We reverse.
Morgan Enterprises argues that the judgment was erroneously entered because, inter alia, the notice to owner and claim of lien failed to contain an accurate description of the property which adversely affected it, and further Associated is equitably estopped to enforce its lien under the unclean hands doctrine.
It is undisputed that the June 18, 1970 notice to owner and the February 3, 1972 claim of lien contained the address and legal description of the Ives Tract. As a result, the notice to owner was placed in the Ives Tract file and Norman Cohen was unaware of its existence until after Associated filed its claim of lien and the instant foreclosure action.[2] Thus, it is apparent that Associated did not comply with the requisite requirements set down in Section 713.06(2)(a), Florida Statutes (1969) in that it failed to give a description sufficient for identification of the subject real property in its notice to owner. The evidence further reflects that Cohen after taking control of the project was adversely affected thereby. Associated's reliance upon Adobe Brick and Supply Co. v. Centex-Winston Corp., 270 So.2d 755 (Fla.3d DCA 1972) is misplaced because in Adobe there was only a slight mistake in the street address,[3] otherwise the description was sufficient for the identification of the property. In contrast, both the address and legal description in the notice and claim of lien in the instant case described a completely different parcel of property. Associated having failed to properly put the owners (Morgan Enterprises and Cohen) on notice in accordance with the above statute and the owners having paid Klein Painting all funds due under the subcontract, they should not be required to pay twice for the paint supplied thereunder. Cf. Gay Mechanical Contractors, Inc. v. Case, 275 So.2d 570 (Fla. 1st DCA 1973).
We also find that Associated is equitably estopped to foreclose its lien. The record demonstrates that although Associated knew of Klein's financial difficulties, it not only extended Klein credit, it filed a false partial release indicating it had received a $10,000 payment from Klein leading the owners to believe Klein was paying Associated for paint and supplies when, in fact, Associated had not been paid. Therefore, Associated should bear its own loss as the court stated in Bryan v. Owsley Lumber Company, 201 So.2d 246, 249 (Fla. 1st DCA 1967):
"... persons furnishing labor and material to a contractor are in a favorable position to determine the extent to *825 which credit shall be extended before requiring payment for the amounts to become due for the services to be performed and materials to be furnished, and that if because of misplaced confidence or misjudgment on their part the contractor becomes either unwilling or unable to pay them the amount owed, they are relegated for the payment of their claims to such balance of the contract price as may remain due the contractor by the owner. Such a concept is premised upon the equitable maxim that where one of two innocent persons must suffer as a result of the default of another, the loss shall fall on him whose act made the loss possible."
For the reasons stated, the judgment rendered against Saul Morgan Enterprises is reversed.
Norman Cohen contends it was error to enter judgment against him because he was dismissed as a party to this action. We agree and reverse the judgment as to him and Continental Casualty, as surety. In view of this holding, the argument raised by Continental need not be considered.
We further note that judgment was entered for Morgan Enterprises on its cross-claim for indemnity against Klein and in light of our above disposition, find this cross-claim to be moot.
Judgment reversed.
NOTES
[1] Also named as a party defendant to this action.
[2] Prior to that time, upon taking control of the project, Cohen examined the Morgan Enterprises' file containing all notices to owner relating to the subject property and it did not contain the notice from Associated as the notice had been put in the Ives Tract file.
[3] 250 N.E. 174 Street, Miami Beach, instead of 250 of 174 Street, Miami Beach.