# C.E.S. INDUSTRIES, INC. v STINSON-HEAD, INC., et al.

## Case No. M-85-14819-C

County Court, Palm Beach County

April 14, 1986

### APPEARANCES OF COUNSEL

**Timothy Moorhead, Wright & Fulford, P.A.,** for plaintiff.

**Anthony E. Pucillo** for defendants.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

THIS CASE came before the Court on April 8, 1986 upon Defendants' Motion to Dismiss pursuant to Florida Rule of Civil Procedure 1.140(b)(6).

For the purpose of this motion, Defendants are deemed to have admitted all facts well pleaded in the Complaint. *E.g. Bond v. Koscot Interplanetary, Inc.*, 246 So.2d 631, 633 (Fla. 4th DCA 1971), *app.*

*after rem.* 276 So.2d 198 (Fla. 4th DCA 1973). Plaintiff seeks recovery under Section 255.05, Florida Statutes (1985). Defendant STINSON-HEAD, INC. ("STINSON") was the general contractor on a public project covered by Section 255.05(1). Defendant INSURANCE COMPANY OF NORTH AMERICA furnished a bond for the project pursuant to Section 255.05(1). STINSON contracted with Acme Power and Light ("Acme") to provide certain materials for the project. To perform its contract with STINSON, Acme subcontracted with Plaintiff to provide materials and supplies. Plaintiff began furnishing materials to the job site on April 27, 1984. On June 11, the forty-fifth day after such commencement, Plaintiff prepared a preliminary notice that it had furnished electrical supplies and equipment to the project and that it intended to look to the bond for protection. Although this notice was mailed on June 11, STINSON did not receive it until June 18, 1984, fifty-two days after Plaintiff began furnishing materials.

Compliance with the notice provisions of Section 255.05(2) is a condition precedent to an action on the bond. *School Board of Palm Beach County v. Vincent J. Fasano, Inc.*, 417 So.2d 1063, 1065 (Fla. 4th DCA 1982). Section 255.05(2) does not specify the method of service, providing only that a claimant shall "furnish the contractor" with a notice "within forty-five days after beginning to furnish . . . materials." § 255.05(2), Florida Statutes (1985). One purpose of this notice requirement is to protect

> . . . the contractor and the contractor's surety from having to account to unknown suppliers . . . by putting the burden on the claimants to advise the contractor and surety of their participation on the project and to advise if they are not promptly paid. *School Board of Palm Beach County v. Vincent J. Fasano, Inc.*, 417 So.2d at 1065; *accord, W.G. Mills, Inc. v. M & MA Corp.*, 465 So.2d 1388, 1391 (Fla. 2d DCA 1985).

Such notification to the contractor cannot effectively be accomplished if notice is deemed to be complete upon mailing. Because STINSON did not receive notice until after the forty-five day period had run, Plaintiff's claim on the bond is barred.

Moreover, to construe Section 255.05, Courts may look to the Mechanics' Lien Law for guidance. *Blosam Contractors, Inc. v. Joyce*, 451 So.2d 545, 548 (Fla. 2d DCA 1984). Under Chapter 713, notices to owner must be received within the forty-five day period. *Daly Aluminum Products, Inc. v. Stockslager*, 244 So.2d 528, 529 (Fla. 2d DCA 1970); *Trowbridge, Inc. v. Hathaway*, 226 So.2d 35, 36 (Fla. 1st DCA 1969). The similarity in purpose between Section 255.05 and Chapter

713 notices leads to the conclusion that both are ineffective unless received by the party to be bound within the statutory time limit. It is

ORDERED and ADJUDGED that Defendants' Motion to Dismiss is granted and this case is dismissed with prejudice.

DONE and ORDERED at West Palm Beach, Palm Beach County, Florida this 24th day of April, 1986.